[Cite as *Blakeman v. Pelloski*, 2021-Ohio-560.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jaimi L. Blakeman, | : | |
| Petitioner-Appellee, | : | No. 19AP-772 |
| | | (C.P.C. No. 15DR-4697) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Christopher E. Pelloski, | : | |
| Petitioner-Appellant. | : | |

D E C I S I O N

Rendered on March 2, 2021

**On brief:** *Collins & Slagle Co., LPA, Ehren W. Slagle*, and *Kathryn L. Traven*, for appellee. **Argued:** *Ehren W. Slagle.*

**On brief:** *Wolinetz & Horvath, LLC*, and *Dennis E. Horvath*, for appellant. **Argued:** *Eric M. Brown.*

APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations

DORRIAN, P.J.

{¶ 1} Appellant, Christopher E. Pelloski, appeals from a decision and judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, which denied his Civ.R. 60(B) motion for relief from judgment. For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} Appellant and appellee, Jaimi L. Blakeman, were married in May 1997, and had twin children born in December 2007. The parties relocated from Texas to Upper Arlington, Ohio in 2009. Appellant was the Director of the Pediatric Radiation-Oncology Program, Residency Program Director and Laboratory Research Principle Investigator at

the Arthur G. James Cancer Hospital ("the James") and treated children referred to the James by Nationwide Children's Hospital.

{¶ 3} On July 24, 2013, appellant was charged with receiving visual depictions of minors engaged in explicit sexual activity via the Internet in violation of 18 U.S.C. 2252(a)(5)(B). *See United States v. Pelloski*, 31 F. Supp.3d 952 (2014). Appellant reported being sexually abused on three separate instances as a child, when he was three or four, when he was six and when he was seven. *Id.* at 961. Following his arrest, appellant began to attend outpatient mental health therapy with Michelle Risser. Risser noted appellant presented with symptoms of depression and alcohol abuse. Risser assessed appellant for Post-Traumatic Stress Disorder ("PTSD") and sexual abuse issues. Appellant's PTSD symptoms included traumatic memories, flashbacks, and dissociative symptoms resulting from his childhood sexual abuse. Risser reported she was working with appellant to address the link between his traumatic memories and the viewing of child pornography as a way to make sense of intrusive mental images of his own abuse. *See id.* Appellant states that a symptom of his PTSD is " 'repetition compulsion,' which is a behavior where a victim seeks out triggers that bring about re-experiencing a traumatic event." (Appellant's Brief at 4.) This symptom resulted in appellant accessing child pornography.

{¶ 4} On October 4, 2013, appellant entered into a plea agreement, in which he plead guilty to the indictment. *Id.* On November 14, 2o13, Dr. David Tennenbaum evaluated appellant in connection with his criminal case. Dr. Tennenbaum reported:

> In his interview, [appellant] reported that he began to use peer-to-peer programs to download pornography more than ten years ago. In 2005, [appellant] reported downloading child pornography "accidentally." As [appellant] began to search for and view images of child pornography, he remembered his past molestation as a child. Psychological testing indicated that the [appellant] suffered from PTSD, generalized anxiety disorder, and alcohol abuse. Tennenbaum concluded that there was no indication that [appellant] attempted, or considered attempting, a contact offense, and therefore he was at the "lowest level of risk." In conclusion, Tennenbaum recommended that [appellant] continue treatment with Risser and to continue his regimen of psychiatric medications.

(Citations omitted.) *Pelloski* at 961.

{¶ 5} Appellant was subject to house arrest for 14 months while awaiting trial. During this time, the parties remained in the marital home and appellant authored a novel. On July 21, 2014, appellant was sentenced to 12 months and 1 day of imprisonment, a $10,000 fine, and a term of 5 years of supervised release. *Pelloski.* On September 16, 2014, appellant commenced his term of imprisonment and served approximately 7 months and then spent 3 months in Alvis House. Appellant lost his job and his medical license was suspended indefinitely and later permanently revoked.

{¶ 6} In 2015, the parties began negotiating the termination of their marriage. On June 29, 2015, appellee sent appellant a first settlement proposal to terminate the parties' marriage, on September 3, 2015, a separation agreement was mailed to appellant, and on November 5, 2015, final documents related to dissolution were sent to appellant. Appellant signed the separation agreement on November 24, 2015 and appellee signed the document on December 18, 2015. On December 29, 2015, the parties' dissolution was filed and finalized on February 2, 2016.

{¶ 7} As a condition of his supervised release, appellant began therapeutic treatment with Fred Baxter of Greater Cincinnati Behavioral Health Services with his initial assessment in January 2016. Appellant met with Baxter approximately 6 times a month (individually and in group sessions) for 23 months, from February 2016 to January 2018.

{¶ 8} On October 2, 2018, appellant filed a Civ.R. 60(B)(5) motion for relief from judgment seeking to vacate the parties' dissolution documents, including the separation agreement. Appellant attached an affidavit from Baxter dated September 11, 2018. The trial court found appellant failed to meet the standards of Loc.R. 13(C) of the Franklin County Court of Common Pleas, Domestic Relations Division for a hearing and failed to meet the standards of *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), because his motion was not filed in a reasonable time; thus, the trial court denied appellant's Civ.R. 60(B) motion on October 29, 2019.

## II. Assignment of Error

{¶ 9} Appellant appeals and assigns the following sole assignment of error for our review:

> THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION
> WHEN IT CONCLUDED THAT APPELLANT FAILED TO

FILE HIS REQUEST FOR RELIEF WITHIN A REASONABLE
TIME PURSUANT TO CIVIL RULE 60(B).

### III. Analysis

{¶ 10} By his assignment of error, appellant contends the trial court erred and abused its discretion when it concluded that appellant failed to file his request for relief from judgment within a reasonable time pursuant to Civ.R. 60(B). Civ.R. 60(B)(5) provides, as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time[.]

{¶ 11} The requirements a movant must demonstrate to prevail on a Civ.R. 60(B)(5) motion, include: (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time. *GTE Automatic* at paragraph two of the syllabus. The moving party must establish the three requirements separately and the test is not fulfilled if any one of the requirements is not met. *Id.* at 151.

{¶ 12} The granting or denying of a Civ.R. 60(B) motion is a matter within the sound discretion of the trial court and the court's ruling will not be reversed absent a showing of abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Even under an abuse of discretion standard, however, "no court has the authority, within its discretion, to commit an error of law." *JPMorgan Chase Bank, N.A. v. Liggins*, 10th Dist. No. 15AP-242, 2016-Ohio-3528, ¶ 18, quoting *State v. Akbari*, 10th Dist. No. 13AP-319, 2013-Ohio-5709, ¶ 7.

{¶ 13} Appellant argues he has met the *GTE Automatic* requirements because he has a meritorious claim due to the inequitable terms contained in the separation agreement; he is entitled to relief pursuant to Civ.R. 60(B)(5) due to undue influence and/or duress; and that he filed his request within a reasonable time relative to his financial and mental health improvements. Appellant argues that because of his PTSD, significant

emotional issues and diminished mental capacity, he was unable to recognize the merits of his claim for relief and his need to file the Civ.R. 60(B) motion until after his treatment with Baxter was completed.

{¶ 14} Appellant attached Baxter's affidavit to his Civ.R. 60(B) motion.  Baxter's affidavit provided that Baxter began working with appellant through the terms and conditions of appellant's parole.  Baxter met with appellant individually once every 2 weeks and met in a group setting every week, thus approximately 6 times each month.  Appellant completed his initial assessment in January 2016, began treatment in February 2016, and continued treatment for 23 months.  Baxter stated that when appellant started treatment he "had a significant level of emotional guilt associated with his circumstances, particularly as it related to what his family had experienced."  (Baxter Aff. at ¶ 5.) According to Baxter, the termination of the marriage was a subject of their earlier discussions because appellant "was [] in the midst of proceedings to terminate his marriage."  (Baxter Aff. at ¶ 6.)[1]

{¶ 15} Baxter stated the dissolution process was such a stressor for appellant that he simply wanted the process completed.  Baxter stated that appellant told him he feared negative consequences if he contested the dissolution, specifically a fear he would not see his children.

{¶ 16} Baxter concluded that, given appellant's PTSD, various stressors, and emotional issues, Baxter:

> [Had] concerns about the extent of his capacity to enter into and acknowledge agreements at that time.  I believe Mr. Pelloski was acting impulsively, and I do not believe he was considering the ramifications of his decisions.  Due to his then-existing mental health, I believe he was very susceptible of making poor decisions just to resolve them because of his guilt. In my opinion, he was feeling overwhelmed, and decided that due to his shame and guilt, that agreeing to a dissolution was his only option.

(Baxter Aff. at ¶ 7.)

{¶ 17} Appellant argues that because of his diminished mental capacity, the time period for determining whether he filed his Civ.R. 60(B) motion within a reasonable time

---

[1] Appellant's therapy with Baxter began in January/February 2016 and appellant signed the separation agreement on November 24, 2015 and the dissolution was finalized on February 2, 2016.

should not begin to run until after his treatment with Baxter was completed, thus, January 2018. Since he filed his Civ.R. 60(B) motion on October 2, 2018, he contends the motion was filed within a reasonable time.

{¶ 18} The trial court concluded that appellant failed to allege operative facts supporting the finding that appellant had filed his motion within a reasonable time. The trial court did not address the other *GTE Automatic* requirements because the test is not fulfilled if any one of the requirements is not met. *GTE Automatic* at 151.

{¶ 19} A determination of what constitutes reasonable time for Civ.R. 60(B) relief "necessarily involves consideration of the facts and circumstances of the particular case." *Home Savings & Loan Co. of Youngstown Ohio v. Avery Place, LLC*, 10th Dist. No. 13AP-777, 2014-Ohio-1747, ¶ 12, citing *Morris v. Morris*, 2d Dist. No. 2013-CA-29, 2014-Ohio-734, ¶ 34. A court may grant relief under Civ.R. 60(B)(5) only in those extraordinary and unusual cases where the moving party demonstrates substantial grounds warranting relief from judgment. *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraph two of the syllabus; *Social Psychological Servs., Inc. v. Magellan Behavioral Health, Inc.*, 10th Dist. No. 10AP-326, 2010-Ohio-6531, ¶ 17. The movant bears the burden of submitting factual material that demonstrates the timeliness of the motion. *TPI Asset Mgt., LLC v. Benjamin*, 10th Dist. No. 11AP-334, 2011-Ohio-6389, ¶ 14.

{¶ 20} In this case, appellee initially sent appellant a first settlement proposal to terminate the parties' marriage on June 29, 2015. The parties negotiated the settlement until November 5, 2015, when final documents were sent to appellant. Appellant signed the separation agreement on November 24, 2015 and appellee signed the document on December 18, 2015. The dissolution was filed December 29, 2015 and finalized on February 2, 2016. Appellant did not file his Civ.R. 60(B) motion for 2 years and 8 months after the dissolution was finalized (and approximately 35 months after he agreed), on October 2, 2018. Even using appellant's timeline, he did not file his motion until 8 months after he completed counseling (January 2018 and October 2, 2018).

{¶ 21} Given this timeline, we cannot say the trial court abused its discretion in finding appellant did not meet his burden of submitting factual material that demonstrated the timeliness of his motion.

{¶ 22} Finally, in the last paragraph of appellant's brief and during oral argument, appellant argued that the evidence constitutes operative facts sufficient to schedule an oral hearing based on Loc.R. 13(C). However, although appellant makes this argument, he did not assign as error the trial court's not holding a hearing on his Civ.R. 60(B)(5) motion.

{¶ 23} " 'This court rules on assignments of error, not mere arguments.' " *Mun. Tax Invest. LLC v. Northup Reinhardt Corp.*, 10th Dist. No. 19AP-26, 2019-Ohio-4867, ¶ 24, quoting *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, citing App.R. 12(A)(1)(b) (which states "a court of appeals shall * * * [d]etermine the appeal on its merits on the assignments of error set forth in the briefs"); *Williams v. Barrick*, 10th Dist. No. 08AP-133, 2008-Ohio-4592, ¶ 28 (holding that appellate courts "rule[] on assignments of error only, and will not address mere arguments").

{¶ 24} Nevertheless, even considering appellant's argument, we find no error. Loc.R. 13(C) provides: "Motions requesting relief from judgment which do not involve lack of service or lack of jurisdiction will be reviewed by the court and scheduled for hearing if the materials submitted allege operative facts which, if proven, would warrant relief from judgment. All other motions for relief from judgment will be determined without oral argument."

{¶ 25} "In order to be entitled to a hearing on a motion for relief from judgment, a movant 'must demonstrate why he is entitled to a hearing on the motion, and must allege operative facts which would warrant relief under Civ.R. 60(B).' " *Social Psychological Servs.* at ¶ 18, quoting *Cunningham v. Ohio Dept. of Transp.*, 10th Dist. No. 08AP-330, 2008-Ohio-6911, ¶ 37. In the instant case, appellant did not set forth operative facts demonstrating the motion was filed within a reasonable time, and thus the trial court did not abuse its discretion in denying appellant's Civ.R. 60(B) motion without holding an evidentiary hearing. *Id.*

{¶ 26} Under the facts of this case, given the lengthy time period between the parties finalizing the dissolution and when appellant filed his motion (2 years and 8 months after the dissolution was finalized and approximately 35 months after he agreed), as well as the lengthy time period between when appellant completed his treatment and when he filed his motion (approximately 9 months), we cannot say the trial court abused its discretion in finding that appellant did not allege operative facts to demonstrate the motion was filed

within a reasonable time and denying his Civ.R. 60(B) motion. The trial court did not abuse its discretion in finding appellant failed to file his Civ.R. 60(B) motion in a reasonable time. Accordingly, appellant's assignment of error is overruled.

**IV. Conclusion**

{¶ 27} For the foregoing reasons, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER and HESS, JJ., concur.

HESS, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.