[Cite as *Kemba Fin. Credit Union v. Covington*, 2021-Ohio-2120.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kemba Financial Credit Union, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 20AP-487 |
| v. | : | (C.P.C. No. 19CV-9910) |
| Venesia A. Covington, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 24, 2021

**On brief:** *Venesia A. Covington,* pro se.

**On brief:** *Weltman, Weinberg & Reis, Co. L.P.A.*, and *Allen J. Reis*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, Venesia A. Covington, pro se, appeals from the October 22, 2020 judgment of the Franklin County Court of Common Pleas granting the motion of defendant-appellant, Kemba Financial Credit Union ("Kemba"), for summary judgment, denying the motion of Covington to dismiss, and dismissing Covington's counterclaim with prejudice. (Oct. 22, 2020 Decision & Entry.) Because Covington has filed a largely unintelligible document that fails to even substantially comply with any of the rules governing practice and procedure before this Court, we sua sponte dismiss this appeal.

## I. Facts and Procedural History

{¶ 2} This is a breach of contract action involving two separate loan agreements for the purchase of two vehicles. Appellant defaulted under the terms of both loans, resulting

in the repossession of the two vehicles. Kemba disposed of the vehicles in accordance with the requirements of R.C. 1309.614, resulting in a deficiency balance on the loans.

{¶ 3} On December 12, 2019, Kemba filed a complaint asserting two counts of breach of contract seeking to recover the deficiency balances. (*See generally,* Dec.12, 2019 Compl.) Kemba sought a total of $19,515.95, plus interest. (Compl. at ¶ 4, 8.) On February 24, 2020, after having been granted an extension of time in which to respond to the complaint, appellant filed an "Answer and Counterclaim." The counterclaim alleged that Kemba fraudulently placed charges on the bank accounts of appellant's three children. (*See generally,* Answer and Countercl.)

{¶ 4} On June 2, 2020, Kemba filed a motion for summary judgment pursuant to Civ.R. 56 on both counts of the complaint and on the counterclaim of appellant. The motion for summary judgment was supported by various exhibits, including the loan agreements, transaction summaries, notices of plans to sell property, notices of deficiencies, and the affidavit of David Mills, an authorized representative of Kemba and keeper of business records. Appellant did not respond to the motion for summary judgment.[1]

{¶ 5} On October 12, 2020, appellant filed a motion to dismiss Kemba's action in its entirety, apparently premised on the court's delay in issuing a ruling on Kemba's motion for summary judgment. On October 20, 2020, Kemba filed a memorandum contra appellant's motion to dismiss.

{¶ 6} On October 22, 2020, the trial court entered a decision and entry granting Kemba's motion for summary judgment filed on June 2, 2020, denying appellant's motion to dismiss filed on October 12, 2020 and dismissing appellant's counterclaim, with prejudice. Covington now timely appeals.

## II. Discussion

{¶ 7} Pursuant to App.R. 16(A)(3), an appellant's brief must contain "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Assignments of error are particularly important because

---

[1] Prior to the filing of Kemba's motion for summary judgment, in response to the COVID-19 crisis, on March 27, 2020 the Ohio Supreme Court issued its *Administrative Action by the Ohio Supreme Court*, 2020-Ohio-1166, which tolled all time requirements set forth in any and all rules of court between March 9, 2020 and July 30, 2020. As a result, the 28-day period to respond to the motion did not begin to run until July 31, 2020. Thus, appellant had until August 27, 2020 to file her response to the motion for summary judgment and the earliest the trial court could have rendered a decision on the motion was August 28, 2020.

appellate courts determine each appeal "on its merits on the assignments of error set forth in the briefs under App.R. 16." App.R. 12(A)(1)(b). "This court rules on assignments of error, not mere arguments." *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, quoting App.R. 12(A)(1)(b); *Williams v. Barrick*, 10th Dist. No. 08AP-133, 2008-Ohio-4592, ¶ 28 (holding appellate courts "rule[] on assignments of error only, and will not address mere arguments"). Consequently, without assignments of error, an appellate court has nothing to review. *Luke v. Roubanes*, 10th Dist. No. 16AP-766, 2018-Ohio-1065, ¶ 16.

{¶ 8} The document that purports to be Covington's appellate brief does not contain assignments of error as required by App.R. 16. (Nov. 19, 2018 Covington Filing, in passim.) App.R. 16(A)(3). Nor does it contain any intelligible arguments pointing to how the trial court erred and from which we might infer a possible assignment of error. App.R. 16(A)(7). Because appellant has failed to set forth any assignments of error for this court's review, it is not necessary for this court to address appellant's purported arguments in order to affirm the trial court's judgment. *State v. Botts*, 10th Dist. No. 12AP-822, 2013-Ohio-4051, ¶ 9. Appellate courts have discretion to dismiss appeals that fail to set forth assignments of error. *CitiMortgage, Inc. v. Asamoah*, 10th Dist. No. 12AP-212, 2012-Ohio-4422, ¶ 5; *Tonti v. Tonti*, 10th Dist. No. 06AP-732, 2007-Ohio-2658, ¶ 2.

{¶ 9} In addition to failing to set forth any assignments of error, Covington's brief is deficient in that the table of authorities consists of a lengthy list of cases which are not actually cited anywhere in Covington's filing, there are no issues presented, and there are no arguments that are supported by proper citations to the record, all as required pursuant to App.R. 16 and Loc.R. 8(A). The failure to substantially comply with the foregoing requirements provides independent grounds for dismissal by this court. *See, e.g., McCormick v. Hsiu Chen Lu*, 10th Dist. No. 18AP-284, 2019-Ohio-624, ¶ 19-20. Indeed, Loc.R. 10 specifically provides that any "noncompliance with the Appellate Rules or the Rules of this Court" shall be "deemed good cause for dismissal of an appeal." Loc.R. 10(E).

{¶ 10} In short, Covington's filing is not a brief in any traditional sense of the word and fails to comply with substantially any of the rules of this Court or the Ohio Rules of Civil or Appellate Procedure. We are cognizant that Covington is proceeding pro se without the benefit of counsel. Nevertheless, it is well-settled that litigants who choose to proceed pro

se "are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel." *Rizzo-Lortz v. Erie Ins. Group.,* 10th Dist. No. 17AP-623, 2019-Ohio-2133, ¶ 18, citing *In re Application of Black Fork Wind Energy, LLC,* 138 Ohio St.3d 43, 2013-Ohio-5478, ¶ 22. "A litigant proceeding pro se can neither expect nor demand special treatment." *Id.,* citing *Suon v. Mong,* 10th Dist. No. 17AP-879, 2018-Ohio-4187, ¶ 26.

### III. Conclusion

{¶ 11} As Covington has failed to file a brief even substantially in conformity with the Ohio Rules of Appellate Procedure, we sua sponte dismiss this appeal. App.R. 18(C).

*Appeal dismissed.*

LUPER SCHUSTER and MENTEL, JJ., concur.