[Cite as *JPMorgan Chase Bank, N.A. v. Cloyes*, 2021-Ohio-3316.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JPMorgan Chase Bank, N.A. | : | |
| Plaintiff-Appellee, | : | |
| | | No. 20AP-107 |
| v. | : | (C.P.C. No. 18CV-8136) |
| James R. Cloyes, | : | (REGULAR CALENDAR) |
| Defendant-Appellant, | : | |
| Martha Cloyes et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on September 21, 2021

**On brief:** *Thomas R. Merry Co., L.P.A.,* and *Thomas R. Merry,* for appellee JPMorgan Chase Bank, N.A. **Argued:** *Thomas R. Merry.*

**On brief:** *James R. Cloyes,* pro se. **Argued:** *James R. Cloyes.*

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1} Defendant-appellant, James R. Cloyes, pro se, appeals the January 22, 2020 decision and entry of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, JPMorgan Chase Bank, N.A. ("Chase"), both on the counts in Chase's complaint and on appellant's counterclaims, and entering a decree in foreclosure. For the following reasons, we dismiss this appeal.

## I. Facts and Procedural History

{¶ 2}   On September 27, 2018, Chase filed a complaint in foreclosure listing the following as defendants: appellant, Martha Cloyes, the Ohio Department of Taxation, and Cheryl Brooks Sullivan in her capacity as Franklin County Treasurer.  Chase asserted two foreclosure claims in its complaint, both relating to the same property in Franklin County, Ohio ("the property").  On November 7, 2018, appellant and Martha Cloyes (together, "the Cloyeses") filed an answer and counterclaims against Chase.  On December 21, 2018, Chase filed a motion to dismiss the counterclaims of the Cloyeses.

{¶ 3}   On June 27, 2019, Martha Cloyes filed a notice of dismissal without prejudice of her counterclaims against Chase pursuant to Civ.R. 41(A)(1)(a).  On June 28, 2019, the trial court filed a decision and entry denying Chase's motion to dismiss appellant's counterclaims.

{¶ 4}   Also on June 28, 2019, Chase filed an agreed motion to consolidate this matter with another case in which appellant was listed as a defendant.[1]  On July 3, 2019, Chase filed a motion for summary judgment both on its complaint as well as on appellant's counterclaims.  On July 19, 2019, the trial court filed an agreed order and entry granting the agreed motion of Chase to consolidate the aforementioned actions.

{¶ 5}   On August 1, 2019, appellant, pro se, filed a combined motion for contempt against Chase for failing to comply with appellant's request for production of documents and motion for dismissal of Chase's motion for summary judgment.  On August 14, 2019, Chase filed a motion to strike appellant's August 1, 2019 motions.  On September 3, 2019, appellant, pro se, filed a "Military Affidavit and Motion for Dismissal of Plaintiff's Motion to Strike Against Plaintiff JPMormgan [sic] Chase Bank, N.A." (Mot. at 1.) On September 17, 2019, Chase filed a memo contra appellant's September 3, 2019 motion.

{¶ 6}   On September 30, 2019, the Cloyeses, through counsel, filed a motion, pursuant to Civ.R. 56(F), for additional time to conduct discovery. On the same date, appellant, through counsel, filed notice that he withdrew his August 1 and September 3, 2019 filings and requested the court remove those filings from its consideration.  On

---

[1] We note that in the complaint in this separate case, case No. 18CV-5729, Chase listed the following as defendants: appellant, 6895 East Main Street, LLC, Fifth Third Bank, Chea Romine, Mount Carmel Health System, and Cheryl Brooks Sullivan in her capacity as Franklin County Treasurer.

October 11, 2019, the parties stipulated to an extension of time to respond to Chase's motion for summary judgment.[2]

{¶ 7}   On January 4, 2020, appellant, proceeding pro se, filed a motion to compel discovery.  On the same date, appellant, again proceeding pro se, filed another document with the following caption: "Defendant James R. Cloyes' Motion to Dismiss Magistrate's Decision Granting Plaintiff JP Morgan Chase Bank, N.A.'s Motion for Summary Judgment Against the Defendants James R. Cloyes and Martha Cloyes on Both Counts of the Complaint and on the Counterclaims of James R. Cloyes and Martha Cloyes and Decree in Foreclosure and Motion by Defendants James R. Cloyes and Martha Cloyes for Summary Judgment Against JP Morgan Chase Bank N.A. on Defendants Counterclaim Subject to Damages Under RICO." (Jan. 4, 2020 Filing at 1.)  On January 7, 2020, appellant's counsel filed a motion to withdraw as counsel for the Cloyeses.  Counsel asserted the reason in support of the motion to withdraw was because "[d]efendants and Counsel have reached an impasse related to case strategy and are unable to reconcile particular differences and conflicts arising from said representation."  (Jan. 7, 2020 Mot. at 2.)  On January 17, 2020, the trial court granted the motion to withdraw.

{¶ 8}   On January 22, 2020, the trial court filed a decision and entry granting summary judgment in favor of Chase on both counts of Chase's complaint.[3]   In the same entry, the trial court granted summary judgment in favor of Chase on appellant's counterclaims and entered a decree of foreclosure on the property.  The trial court also denied appellant's January 4, 2020 filings.

## II. Discussion

{¶ 9}   Initially, we note appellant's counsel in the trial court withdrew pursuant to Loc.R. 18 and appellant has elected to proceed pro se both at various points in the trial court and throughout this appeal. It is well-established that prose litigants are expected to possess knowledge of the law and legal procedures and, accordingly, are held to the same standard as litigants who have legal representation.  *In re Black Fork Wind Energy, L.L.C.*,

---

[2] We note that on November 11, 2019, Chase filed a motion for summary judgment in case No. 18CV-5729. In the same motion, Chase sought default judgment against Fifth Third Bank.

[3] We note that on January 22, 2020, the trial court filed a decision and entry in case No. 18CV-5729 granting summary judgment in favor of Chase and default judgment as to Fifth Third Bank.

138 Ohio St.3d 43, 2013-Ohio-5478, ¶ 22; *Ward v. Ward*, 10th Dist. No. 20AP-381, 2021-Ohio-2571, ¶ 5. Pro se litigants can neither expect nor demand special treatment, but instead must be treated the same as litigants represented by counsel. *Cox v. Dayton Pub. Schools Bd. of Edn.*, 147 Ohio St.3d 298, 2016-Ohio-5505, ¶ 6; *Ward* at ¶ 5. " 'In civil cases, the same rules, procedures and standards apply to one who appears pro se as apply to those litigants who are represented by counsel.' " *Jordan v. Truelight Church of God in Christ*, 10th Dist. No. 20AP-500, 2021-Ohio-2507, ¶ 8, quoting *Fields v. Stange*, 10th Dist. No. 03AP-48, 2004-Ohio-1134, ¶ 7, citing *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, ¶ 10.

{¶ 10} The Rules of Appellate Procedure provide requirements for an appellant filing a brief before an appellate court. Pursuant to App.R. 16(A)(3), an appellant must include in their brief a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected."  Assignments of error are vitally important because appellate courts determine each appeal "on its merits on the assignments of error set forth in the briefs under App.R. 16." App.R. 12(A)(1)(b). " 'This court rules on assignments of error, not mere arguments.' " *Hamid v. Univ. Manors, Ltd.*, 10th Dist. No. 20AP-74, 2021-Ohio-2115, ¶ 16, quoting *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, citing App.R. 12(A)(1)(b).  Thus, in the absence of assignments of error, this court has nothing to review. *Ward* at ¶ 6.

{¶ 11} In addition to requiring an appellant to include assignments of error in their brief, App.R. 16 imposes several other requirements on an appellant's brief. Pursuant to App.R. 16(A)(4), an appellant must also include a "statement of the issues presented for review, with references to the assignments of error to which each issue relates." Pursuant to App.R. 16(A)(5) and (6), the brief must also include a "statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below" and a "statement of facts relevant to the assignments of error presented for review, with appropriate references to the record." Furthermore, App.R. 16(7) requires the appellant's brief to contain "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the

contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

{¶ 12} Appellant's brief does not meet any of the aforementioned requirements by including assignments of error, a statement of the issues presented, statements of the case and facts, or argument with respect to assignments of error with citations to pertinent authorities. Instead, appellant's brief includes only an argument without reference to assignments of error and without citation to pertinent authorities. Insofar as we are able to discern appellant's argument, he appears to raise a number of claims or issues for the first time on appeal. Appellant also appears to argue that summary judgment was improperly granted because the trial court erroneously denied his January 4, 2020 motion to compel discovery.[4]

{¶ 13} We have previously found that an " 'appellant's failure to follow the dictates of App.R. 16(A) is equivalent to not filing a brief at all and would, in and of itself, be grounds for dismissing the appeal.' " *JPMorgan Chase Bank, N.A. v. Allton*, 10th Dist. No. 14AP-228, 2014-Ohio-3742, ¶ 6, quoting *Gomez v. Kiner*, 10th Dist. No. 11AP-767, 2012-Ohio-

---

[4] We note that with regard to those claims or issues that appellant raises for the first time on appeal, we have previously held that "[i]ssues raised for the first time on appeal are deemed to have been waived or forfeited through failure to assert them before the trial court." *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 10th Dist. No. 18AP-736, 2019-Ohio-4015, ¶ 7. *See J&H Reinforcing & Structural Erectors, Inc. v. Ohio School Facilities Comm.*, 10th Dist. No. 13AP-732, 2014-Ohio-1963, ¶ 19 ("Issues that could have been raised and resolved in the trial court cannot be raised for the first time on appeal. Thus, issues not raised in the trial court are forfeited on appeal.") (Citations omitted.); *Bell v. Teasley*, 10th Dist. No. 10AP-850, 2011-Ohio-2744, ¶ 15 ("Parties cannot raise any new issues for the first time on appeal, and the failure to raise an issue at the trial level waives it on appeal.") (Citation omitted.); *Tucker v. Leadership Academy for Math & Science of Columbus*, 10th Dist. No. 14AP-100, 2014-Ohio-3307, ¶ 20, quoting *Henson v. Cleveland Steel Container Corp.*, 11th Dist. No. 2008-P-0053, 2009-Ohio-180, ¶ 77 ("[W]hile this court's standard of review on a motion for summary judgment is de novo, that standard 'does not supersede [an appellate court's] settled practice of not addressing issues raised for the first time on appeal.' "). Accordingly, we decline to address appellant's claims raised for the first time on appeal.

Furthermore, insofar as appellant argues summary judgment was improperly granted, his argument appears to be limited to the trial court's denial of his January 4, 2020 motion to compel discovery. (*See* Appellant's Brief at 17 ("That motion from 1-4-20 should be allowed and the Motion for Summary judgment against Cloyes should be dismissed due to the fact that both the Court and Chase are obligated and have a duty under the Law to provide complete Discovery to a Defendant under Local Rules.").) We note appellant does not otherwise assert the granting of summary judgment was improper with "citations to the authorities, statutes, and parts of the record on which appellant relies" as required by App.R. 16(A)(7). Furthermore, we note appellant did not respond to the motion for summary judgment in the trial court as provided in Civ.R. 56. Instead, appellant, in his January 4, 2020 filing, sought to dismiss Chase's motion for summary judgment. As a result, we decline to further address the merits of the trial court's decision granting summary judgment in favor of Chase.

1019, ¶ 7, citing App.R. 3(A) and 18(C).  *See Hamid* at ¶ 18 (finding that "[t]he failure to substantially comply with the [App.R. 16] requirements provides independent grounds for dismissal"). "Appellate courts have discretion to dismiss appeals that fail to set forth assignments of error." *Kemba Fin. Credit Union v. Covington*, 10th Dist. No. 20AP-487, 2021-Ohio-2120, ¶ 8, citing *CitiMortgage, Inc. v. Asamoah*, 10th Dist. No. 12AP-212, 2012-Ohio-4422, ¶ 5.  Because appellant failed to comply with the requirements in App.R. 16, we decline to further address appellant's arguments and dismiss this appeal.

## III. Conclusion

{¶ 14}  For the foregoing reasons, we dismiss appellant's appeal.

*Appeal dismissed.*

DORRIAN, P.J., BROWN and KLATT, JJ., concur.