[Cite as *Cardinal Health 108, L.L.C. v. Columbia Asthma & Allergy Clinic, L.L.C.*, 2022-Ohio-2018.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Cardinal Health 108, LLC,<br>d/b/a Metro Medical Supply, | : | |
| | : | No. 21AP-460 |
| Plaintiff-Appellee, | | (C.P.C. No. 19CV-4165) |
| | : | |
| v. | | |
| | : | (REGULAR CALENDAR) |
| Columbia Asthma & Allergy Clinic, LLC,<br>d/b/a Columbia Asthma & Allergy Clinic<br>et al., | : | |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on June 14, 2022

**On brief**: *Porter Wright Morris & Arthur LLP, Allen T. Carter*, and *Susan K. Cliffel*, for appellee. **Argued**: *Allen T. Carter*.

**On brief**: *Allison L. Harrison Law, LLC*, and *Allison L. Harrison*, for appellants. **Argued**: *Allison L. Harrison*.

APPEAL from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1} As presented to us, even more than as presented to the trial court, this is a very simple case. This appeal involves one discrete issue of whether something is in the record or not. It is, and we will affirm the judgment of the trial court.

{¶ 2} The trial court granted the summary judgment motion of plaintiff-appellee Cardinal Health 108, LLC ("Cardinal") and awarded judgment against defendants-appellants Columbia Asthma & Allergy Clinic, LLC ("Columbia") and Columbia's sole owner and guarantor, Sanjeev Jain, M.D., Ph.D. ("Dr. Jain"). August 17, 2021 Decision and Judgment Entry ("Decision"). Along the way and among other things, the trial court concluded that the undisputed evidence established that: Cardinal and Columbia had entered into a contract pursuant to which Cardinal would sell goods to Columbia on

account, *see* Decision at 5; Dr. Jain guaranteed performance of Columbia's obligations under that contract, *id.* at 7; Columbia and Dr. Jain breached their respective contractual obligations by not paying when payment was due, *id.* at 5; and Cardinal thereby was damaged to the tune of $419,821.05, *id.*

{¶ 3} Columbia and Dr. Jain do not take issue in their relevant assignment of error here with the trial court's determination that there was a contract and that it was guaranteed by Dr. Jain.  Nor do they dispute damage calculations (assuming breach).  Rather, as to Cardinal's contract and guarantee claims, Columbia and Dr. Jain argue only that the trial court's judgment should be reversed because "no evidence" was submitted to show that Cardinal had performed under the contract so as to trigger obligations for them to pay.  Columbia and Dr. Jain are wrong:  Cardinal provided a sworn affidavit to that effect.  And because Columbia and Dr. Jain therefore lose on their sole argument against the contract claim judgment, their argument against the trial court's alternative findings regarding equivalent claims on "Open Account/Goods Sold and Delivered," *see* Decision at 5-6, become moot.

{¶ 4} The issue as distilled for us on appeal thus is narrow and straightforward, so we will sketch with a fairly broad brush in describing the background of the case:  We will endeavor not to delve into possible intricacies of potential issues that are not before us.

{¶ 5} Cardinal sued Columbia and Dr. Jain on May 21, 2019, alleging that pursuant to agreement it had provided "specialty pharmaceutical products" to Columbia between June and October 2018, but that Columbia did not pay for them.  Complaint at ¶ 10-12 and Ex. B.  Dr. Jain had guaranteed Columbia's obligations to Cardinal, the Complaint further alleged, but he hadn't paid, either.  Complaint at ¶ 8, 40-43, and Ex. A.  Columbia and Dr. Jain owed it $419,821.05, Cardinal recited, with that amount due whether under theories of breach of contract (claim 1), "goods sold and delivered" (claim 2), "claim on open account" (claim 3), unjust enrichment (claim 4), or (with regard to Dr. Jain) breach of guarantee (claim 5).  *Id.* at ¶ 14, 20, 26, 30, 39 (first of two paragraphs so numbered), 44, prayer for relief, and Ex. B (listing invoices for goods and finance charges).

{¶ 6} In due course, Cardinal moved for summary judgment "[o]n all [c]laims for [r]elief * * * in the total amount of $419,821.05."  February 25, 2020 Pl.'s Mot. for Summ. Jgmt. at 8.  In support of its motion, Cardinal submitted the affidavit of its Credit Manager, Denene Byrd.  Ms. Byrd averred, among other things, that Columbia had executed and

delivered to Cardinal a Cardinal credit application, Byrd Aff. at ¶ 5 and Ex. A, including a guarantee by Dr. Jain (who was designated as the "CEO" and "100%" owner of Columbia), *id.* at ¶ 8 and Ex. A, "pursuant" to which "Columbia purchased and received specialty pharmaceutical products * * * from Cardinal Health on open accounts," Byrd Aff. at ¶ 10. Columbia had failed to pay, she swore, "for the Products Cardinal delivered to it." *Id.* at ¶ 11. More precisely, she averred, Columbia and Dr. Jain "owed to Cardinal Health the total principal amount of $419,821.05, in connection with its open accounts." *Id.* at ¶ 14 (also identifying an attached summary by date and invoice number of invoices totaling that amount).

{¶ 7} Columbia and Dr. Jain countered the Byrd affidavit with no evidence of their own, but sought to raise certain speculative questions about the authenticity or completeness of the credit application (including the guarantee) to which Ms. Byrd had attested. May 26, 2020 Defendant[s'] Memo Contra MSJ at 1-4. Perceived "inconsistencies," they argued, meant that Cardinal "cannot establish a contract." *Id.* at 4, 2 (heading capitalizations and emphasis omitted). Further, they urged, Cardinal had failed "to establish Plaintiff [sic; Columbia?] had applied for credit." *Id.* at 4. Cardinal's summary of invoices gave "no explanation" as to why the first invoice started with an amount of $12,702.70, they contended, and it provided "no evidence that anything was in fact ordered." *Id.* at 4. Moreover, Columbia argued, the guarantee did not reflect whose debt Dr. Jain was guaranteeing. *Id.* at 5. Therefore, Columbia urged, the trial court should deny Cardinal's summary judgment motion. *Id.* at 5.

{¶ 8} The trial court disagreed. After properly reciting the summary judgment standard and process, Decision at 3-4, it turned to Cardinal's breach of contract claim and quoted the Supreme Court Ohio: "[A] cause of action for breach of contract 'requires the claimant to establish the existence of a contract, the failure without legal excuse of the other party to perform when performance is due, and damages or loss resulting from the breach.' " *Id.* at 4, quoting *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, ¶ 41. "Cardinal has met all three elements to obtain judgment on this claim," the trial court determined. *Id.* at 4. There was a contract; "neither Jain nor Columbia presented any admissible evidence that contradicted Byrd's affidavit that payment was due and was not forthcoming"; and while "Byrd's affidavit delineates the actual damages that Cardinal suffered, * * * * neither Columbia nor Jain presented any admissible evidence that

this amount of damages is either incorrect or was paid either partially or fully at some point." *Id.* at 5 (concluding that Cardinal "is entitled to summary judgment as a matter of law on its breach of contract claim").

{¶ 9} The trial court then also granted summary judgment to Cardinal on its "open account and goods sold and delivered claims." *Id.* at 6. It further found, on the uncontradicted evidence, that Dr. Jain had guaranteed payment of Columbia's obligations pursuant to the credit application: "[T]he Byrd affidavit authenticates the credit application and describes the breach of the Guaranty, and Columbia and Jain failed to present any admissible evidence in rebuttal." *Id.* at 7 (granting Cardinal summary judgment on its guarantee claim). Having granted judgment on Cardinal's breach of contract claim, the trial court dismissed Cardinal's unjust enrichment claim as moot (after noting that the latter theory "is not available when the parties have an express contract"). *Id.* at 7-8.

{¶ 10} Columbia and Dr. Jain present us with two assignments of error:

> I. The trial court erred as a matter of law in granting summary judgment on Appellee's breach of contract and breach of guarantee claim because no evidence was presented demonstrating Appellee discharged its duty to perform under the contract, a requirement for a breach of contract claim.
>
> II. The trial court erred as a matter of law in granting summary judgment on Appellee's Account Stated because no item or items were listed on the Open Account, a requirement for a claim for open account.

Appellants' Brief at iii.

{¶ 11} We review a grant of summary judgment "de novo," that is, afresh. *See, e.g.*, *Forbes v. Nationwide Mut. Ins. Co.*, 10th Dist. No. 19AP-220, 2020-Ohio-2802, ¶ 17 ("We apply a de novo standard to a trial court's decision granting summary judgment, and the analysis is 'governed by the standard set forth in Civ.R. 56.' *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, ¶ 8").

{¶ 12} The first assignment of error does not ask us to review the trial court's determinations that there was a contract and that Dr. Jain guaranteed Columbia's obligations thereunder. Rather, it posits simply that Cardinal did not adduce proof to show, when viewed most favorably to Columbia and Dr. Jain, that Cardinal had provided goods to Columbia so as to create a payment obligation (thus, in the words of *Lucarell*, leaving Columbia with "legal excuse" not to pay, *see* 2018-Ohio-15 at ¶ 41).

{¶ 13} We think Columbia and Dr. Jain waived this argument by failing to make it to the trial court: They did not raise it in the breach of contract section of their Memo Contra Summary Judgment, and even their arguments in that brief contesting the "open account" claim went to proof as to what they had "ordered" as opposed to the assignment here about Cardinal's not having "discharged its duty to perform." *Compare* May 26, 2020 Memo Contra MSJ *with*, *e.g.*, *Betz v. Penske Truck Leasing Co., L.P.*, 10th Dist. No. 11AP-982, 2012-Ohio-3472, ¶ 34 ("Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed. A party who fails to raise an argument in the court below waives his or her right to raise it on appeal. An appellate court must, therefore, limit its review of the case to the arguments contained in the record before the trial court") (citations omitted); *Gentile v. Ristas*, 160 Ohio App.3d 765, 2005-Ohio-2197, ¶ 74 (10th Dist.) (may not on appeal raise issues that should have been raised in response to motion for summary judgment) (citations omitted). But even if the argument was preserved, it fails.

{¶ 14} Columbia and Dr. Jain are incorrect in contending that "no evidence was presented on [Cardinal's] performance under the contract." *Compare* Appellants' Brief at 4. While perhaps not a model of draftsmanship, Ms. Byrd's affidavit did attest that "Columbia purchased and received specialty pharmaceutical products * * * from Cardinal Health," Byrd Aff. at ¶ 10, and that "Cardinal delivered to [Columbia]" products for which Columbia did not pay, *id.* at ¶ 11. Columbia thus "owed" debts to Cardinal, she averred, and Cardinal and Dr. Jain "refused to pay the debts owed." *Id.* at ¶ 12, 13. And Ms. Byrd specified how much those debts amounted to: $419,821.05 (with reference to invoice numbers and dates). *Id.* at ¶ 14 and Aff. Ex. B. Without contrary evidence, proof in the record thus reflects that Cardinal did deliver product to Columbia for which Cardinal is owed.

{¶ 15} And, as the trial court found, the record shows no evidence to the contrary. Columbia and Dr. Jain protest that they "denied the breach of contract in their Answer." Appellants' Brief at 5. But an unsworn answer is not evidence of the answering party, and it does not thwart a motion for summary judgment appropriately supported by evidentiary quality material. "In order to defeat summary judgment, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. Civ.R. 56(E). Rather, the nonmoving party must respond with evidence of the type listed in Civ.R. 56(C) that

demonstrates a genuine issue of material fact exists for trial." *Taylor v. XRG, Inc.*, 10th Dist. No. 06AP-839, 2007-Ohio-3209, ¶ 21 (adding at ¶ 22 that "[d]ocuments must be properly authenticated to be of the evidentiary nature Civ.R. 56(C) requires"); *see also*, *e.g.*, *Todd Dev. Co. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, ¶ 23 ("requiring a nonmoving party to respond to a motion for summary judgment with evidence creating a genuine issue of material fact").

{¶ 16} Columbia and Dr. Jain pointed to no evidence in the record, then, to overcome Cardinal's breach of contract and guarantee claims as supported by the Byrd affidavit. But "[w]hen a motion for summary judgment is made and supported as provided in [Civ.R. 56], an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E). And so it was.

{¶ 17} In the second paragraph of their two-paragraph Reply Brief, Columbia and Dr. Jain revert to the argument that they had made to the trial court, but abandoned here, about "whether the agreement relied upon is in fact a true and accurate copy of the contract." Reply Brief at 2. That argument does not support either assignment of error, and we rule only on assignments of error. *See*, *e.g.*, *JP Morgan Chase Bank, N.A. v. Cloyes*, 10th Dist. No. 20AP-107, 2021-Ohio-3316, ¶ 10 (" ' "This court rules on assignments of error, not mere arguments" ' ") (citing App.R. 16(A)(3), requiring "statement of the assignments of error presented for review"; further citations omitted); *Kemba Fin. Credit Union v. Covington*, 10th Dist. No. 20AP-487, 2021-Ohio-2120, ¶ 7 (same). Moreover, Columbia and Dr. Jain did not raise this argument in their opening brief to us, and "we generally will not address an argument raised for the first time in a reply brief." *Hadden Co., L.P.A. v. Zweier*, 10th Dist. No. 15AP-210, 2016-Ohio-2733, ¶ 15 (citation omitted; further explaining, with citation omitted, that "purpose of a reply brief is to afford the appellant an opportunity to respond to the appellee's brief, not to raise an issue for the first time"); *State v. Karabinos*, 10th Dist. No. 17AP-113, 2017-Ohio-7334, ¶ 11 (" 'We generally will not address an argument raised for the first time in a reply brief' ") (citations omitted). We will not explore the contention further.

{¶ 18} We overrule the first assignment of error set out by Columbia and Dr. Jain, and therefore we affirm the trial court's judgment, as based on breach of contract by Columbia (Cardinal's claim one) and breach of the guarantee by Dr. Jain (Cardinal's claim five), "in favor of Plaintiff Cardinal and against Defendants Columbia and Jain, jointly and severally, in the amount of $419,821.05, plus service charges accruing at the rate of 1.5% per month from May 2, 2019 until date of collection." *See* Decision at 8-9. In doing so, we observe a typographical error in the Decision's "CONCLUSION": Whereas the trial court in the body of its Decision had correctly found with regard to claim five that "Cardinal has established a claim for breach of Guaranty," *id.* at 7 (as acknowledged in the first assignment of error), and later had dismissed Cardinal's claim for unjust enrichment (claim four) as moot, *id.* at 8, the Conclusion erroneously switched the numbers of those two claims, *id.* We recognize that the Decision grants judgment to Cardinal on the basis of claims 1, 2, 3, and 5, while Cardinal's fourth claim (for unjust enrichment) is denied and dismissed as moot. Because the typographical error in the Conclusion does not arise in the language reciting that "[i]t is therefore, ORDERED, ADJUDGED and DECREED that judgment is granted in favor of Plaintiff Cardinal and against Defendants Columbia and Jain, jointly and severally," in the specified amount, and having recognized the earlier scrivener's error, we determine that it is not necessary for us to return the matter to the trial court to correct the entry itself.

{¶ 19} In affirming the judgment of the trial court on the basis of Cardinal's contract and guarantee claims alone, we render moot Columbia and Dr. Jain's second assignment of error and we do not determine whether the trial court's judgment would be upheld on the alternative bases of Cardinal's second and third claims.

*Judgment affirmed.*

DORRIAN and JAMISON, JJ., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____