[Cite as *Gibby's Auto Exchange v. Ohio Motor Vehicle Dealer Bd.*, 2024-Ohio-5618.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Gibby's Auto Exchange, | : | |
| Appellant-Appellant, | : | |
| v. | : | No. 24AP-245<br>(C.P.C. No. 23CV-6238) |
| Ohio Motor Vehicle Dealer Board, | : | (ACCELERATED CALENDAR) |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on November 26, 2024

**On brief:** *Sybert Rhoad Lackey & Swisher*, *Zachery M. Swisher*, and *Allison L. Harrison*, for appellant.
**Argued:** *Zachery M. Swisher*.

**On brief:** *Dave Yost*, Attorney General, *Heather N. Williams*, and *Maggie M. McKenzie*, for appellee.
**Argued:** *Heather N. Williams*.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, P.J.

{¶ 1} Appellant, Gibby's Auto Exchange ("Gibby's"), appeals from a March 28, 2024 decision and judgment entry affirming the August 21, 2023 order of the appellee, Ohio Motor Vehicle Dealer Board ("Board"), which revoked its used motor vehicle dealer's license. For the reasons that follow, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On October 9, 2018, Gibby's filed an application to renew its used motor vehicle dealer's license. On January 29, 2019, the Board issued a notice of opportunity for hearing. The Board alleged that Gibby's violated R.C. 4517.03 and Ohio Adm.Code 4501:1-3-08(A)(3) when it did not have a special use permit from the City of Grove City Planning

Commission to operate its dealership at the licensed location.  A notice of opportunity for hearing was hand-delivered and signed by Gibby's on February 25, 2019.  Gibby's did not file a request for an administrative hearing within 30 days of receiving the notice.  A hearing was held in this matter on June 27, 2019.  On July 10, 2019, the Board issued an adjudication order revoking Gibby's license.  An amended order was issued on August 14, 2019, which extended the date of license revocation.  Gibby's filed a timely appeal with the Franklin County Court of Common Pleas.

{¶ 3}   On May 1, 2020, the Franklin County Court of Common Pleas ("common pleas court") issued a decision finding that while the Board had hand-delivered a notice of opportunity for hearing, the subsequent hearing date notices were sent to the incorrect addresses.  The common pleas court vacated the August 14, 2019 amended adjudication order and remanded the matter "for further proceedings initiated by issuance and service of a hearing notice that complies with R.C. 119.07." *Gibby's Auto Exchange v. Ohio Motor Vehicle Dealers Bd.*, Franklin C.P. case No. 19CV-6960 (May 1, 2020).

{¶ 4}   By certified letter dated April 18, 2023, the Board notified Gibby's that a hearing was scheduled for May 4, 2023.  Upon Gibby's request for a continuance, the Board continued the hearing date to August 10, 2023.  The Board issued its second adjudication order on August 21, 2023.  The order revoked Gibby's used motor vehicle dealer's license effective September 21, 2023.  Gibby's filed a timely appeal to the common pleas court.

{¶ 5}   On March 28, 2024, the common pleas court affirmed the revocation of Gibby's license.  Relevant to the instant case, the common pleas court first found that Gibby's forfeited its opportunity to raise the argument that the three-year delay in holding a hearing violated its due process rights.  The common pleas court also found that even if Gibby's had not forfeited its due process argument, the delay was reasonable as all hearings were halted at the time due to the COVID-19 pandemic. (Mar. 28, 2024 Decision and Jgmt. Entry at 8.)  The common pleas court explained that "[a]fter hearings resumed, there was a backlog of cases to be heard.  Additionally, once a hearing date was issued, Mr. Gibson requested a continuance." (Decision and Jgmt. Entry at 8.)

{¶ 6}   Gibby's filed a timely appeal in this case.

## II. ASSIGNMENT OF ERROR

{¶ 7} Appellant assigns the following as error:

> [I.] THE TRIAL COURT ERRED WHEN IT REFUSED TO CONSIDER WHETHER A THREE[-]YEAR DELAY IN HEARING THE CHARGES VIOLATED APPELLANT'S RIGHT TO DUE PROCESS.

## III. STANDARD OF REVIEW

{¶ 8} An administrative appeal, pursuant to R.C. Chapter 119, is a special statutory proceeding. *Nippon Sushi & Steak, L.L.C. v. Ohio Liquor Control Comm.*, 10th Dist. No. 23AP-527, 2024-Ohio-2341, ¶ 24, citing *State ex rel. CannAscend Ohio, L.L.C. v. Williams*, 10th Dist. No. 18AP-820, 2020-Ohio-359, ¶ 45. In such an appeal brought under R.C. 119.12, the common pleas court must "consider the entire record to determine whether reliable, probative, and substantial evidence supports the agency's order and whether the order is in accordance with law." *Omni Energy Group, L.L.C. v. Vendel*, 10th Dist. No. 23AP-361, 2024-Ohio-2439, ¶ 11, citing *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110-11 (1980).

{¶ 9} The Supreme Court of Ohio has defined reliable, probative, and substantial evidence as follows:

> (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.

*Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992).

{¶ 10} When reviewing an administrative appeal, the common pleas court does not provide a trial de novo, but rather it must give due deference to the administrative resolution of evidentiary matters. *Katsande v. Ohio Dept. of Medicaid*, 10th Dist. No. 19AP-375, 2020-Ohio-5488, ¶ 17, citing *Capital Care Network of Toledo v. Ohio Dept. of Health*, 153 Ohio St.3d 362, 2018-Ohio-440, ¶ 25, citing *Univ. of Cincinnati* at 110-11.

{¶ 11} Appellate review of an administrative decision is even more restricted. *Omni Energy Group, L.L.C.* at ¶ 13, citing *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). We are limited to determining whether the common pleas court's decision was an abuse of discretion. *Id.*, citing *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261 (1988). An unreasonable, arbitrary, or unconscionable ruling

is an abuse of discretion. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, "[a]n appellate court's scope of review on issues of law is plenary, including the issue of whether the common pleas court applied the proper standard of review." *Bartchy v. State Bd. of Edn.*, 120 Ohio St.3d 205, 2008-Ohio-4826, ¶ 43, citing *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.*, 63 Ohio St.3d 339, 343 (1992).

## IV. LEGAL ANALYSIS

### A. Appellant's Sole Assignment of Error

{¶ 12} In Gibby's sole assignment of error, it contends that the "trial court erred when it refused to consider whether a three[-]year delay in hearing the charges violated Appellant's right to due process." (Emphasis omitted.) (Appellant's Brief at 6.)

{¶ 13} Upon review, we find that the common pleas court did, in fact, consider Gibby's argument that the three-year delay in hearing the charges violated its due process rights. In its March 28, 2024 decision, the common pleas court first found that Gibby's forfeited its argument that the three-year delay in holding a hearing was unreasonable and violated its due process rights as this argument could have been asserted at the hearing. The common pleas court explained that "[b]y not requesting a hearing, Appellant forfeited its opportunity to raise this argument before the Board and waived its right to raise the issue on appeal to this Court." (Decision and Jgmt. Entry at 7-8.) The common pleas court went on to write "[e]ven if this issue was not waived," the Board's explanation was reasonable "based on the well-known disruption the COVID Pandemic caused on all adjudications." (Decision and Jgmt. Entry at 8.) Curiously, Gibby's repeatedly acknowledges that the court of common pleas addressed the due process argument in its brief. *See* Appellant's Brief at 5 ("The Common Pleas court then found that even if the issue had been raised, the agency's explanation for the delay was reasonable."); Appellant's Brief at 8 ("The trial court compounded its error when, after finding that the 2019 waiver preemptively waived future due process violations, it went on to find Appellee's untested explanation 'not unreasonable.' ").

{¶ 14} We note that Gibby's makes several additional arguments in its brief. Gibby's contends that the common pleas court erred by finding that it waived its argument that its due process rights were violated based on the three-year delay after the first administrative appeal. (Appellant's Brief at 7.) Gibby's also argues that the common pleas court erred by

finding that the Board's explanation for the three-year delay was reasonable. (Appellant's Brief at 8.) However, we find that these arguments fall outside the parameters of Gibby's sole assignment of error.

{¶ 15} As set forth in App.R. 16(A)(3), an appellant's brief must contain "[a] *statement of the assignments of error presented for review*, with reference to the place in the record where each error is reflected." (Emphasis added.) App.R. 16(A)(7) requires that appellant include "[a]n argument containing the *contentions of the appellant with respect to each assignment of error presented for review* and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." (Emphasis added.) Assignments of error are vital as reviewing courts are generally limited in its appellate review to the "merits *on the assignments of error set forth in the briefs* under App. R. 16." (Emphasis added.) App.R. 12(A)(1)(b).

{¶ 16} It is well established that appellate courts rule on assignments of error and not mere arguments. *Cardinal Health 108, L.L.C. v. Columbia Asthma & Allergy Clinic, L.L.C.*, 10th Dist. No. 21AP-460, 2022-Ohio-2018, ¶ 17, citing *JP Morgan Chase Bank, N.A. v. Cloyes*, 10th Dist. No. 20AP-107, 2021-Ohio-3316, ¶ 10, citing App.R. 16(A)(3); *see also Blakeman v. Pelloski*, 10th Dist. No. 19AP-772, 2021-Ohio-560, ¶ 23, citing *Mun. Tax Invest., L.L.C. v. Northup Reinhardt Corp.*, 10th Dist. No. 19AP-26, 2019-Ohio-4867, ¶ 24, citing *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, citing App.R. 12(A)(1)(b). Without assignments of error to consider, an appellate court has nothing to review. *Habtemariam-Brown v. Christensen*, 10th Dist. No. 23AP-517, 2024-Ohio-4464, ¶ 22, citing *Luke v. Roubanes*, 10th Dist. No. 16AP-766, 2018-Ohio-1065, ¶ 16, citing *Pack v. Hilock Auto Sales*, 10th Dist. No. 12AP-48, 2012-Ohio-4076, ¶ 13; *see also Kemba Fin. Credit Union v. Covington*, 10th Dist. No. 20AP-487, 2021-Ohio-2120, ¶ 7. It is not the role of this court to " ' "conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning." ' " *Jabr v. Burger King*, 10th Dist. No. 21AP-463, 2022-Ohio-773, ¶ 10, quoting *Columbus v. Wynn*, 10th Dist. No. 20AP-479, 2021-Ohio-3934, ¶ 7, quoting *State ex rel. Karmasu v. Tate*, 83 Ohio App.3d 199, 206 (4th Dist.1992); *see also Williams v. Barrick*, 10th Dist. No. 08AP-133, 2008-Ohio-4592, ¶ 28 (declining to review arguments that were not connected to an assignment of error).

{¶ 17} Accordingly, we decline to consider the arguments in Gibby's brief that do not correspond with its assignment of error. At bottom, if Gibby's wished for us to determine whether the common pleas court erred by finding that Gibby's waived its argument that its due process rights were violated based on a three-year delay, or the finding that the three-year delay was reasonable, it should have assigned such as error. *Price v. Evans Auto. Repair, Inc.*, 10th Dist. No.23AP-401, 2024-Ohio-5108, ¶ 43.

{¶ 18} For the foregoing reasons, Gibby's sole assignment of error is overruled.

## V. CONCLUSION

{¶ 19} Having overruled Gibby's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment Affirmed.*

BEATTY BLUNT and BOGGS, JJ., concur.

---