[Cite as *McCormick v. Lu*, 2019-Ohio-624.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Moses McCormick, et al., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 18AP-284 |
| v. | : | (C.P.C. No. 17CV-3086) |
| Hsiu Chen Lu, et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on February 21, 2019

**On brief:** *Moses McMormick*, pro se, and *Mark McCormick*, pro se.

**On brief:** *Law Offices of Stanley B. Dritz, Stanley B. Dritz*, and *D. Chadd McKitrick*, for defendant-appellee Hsiu-Chen Lu. **Argued:** *D. Chadd McKitrick.*

**On brief:** *Winter Trimacco Co., LPA, Courtney J. Trimacco,* and *Jason D. Winter,* for defendants-appellees Stacey Gilbert, Esq. and the Law Offices of William L Geary, L.P.A. **Argued:** *Courtney J. Trimacco.*

**On brief:** *Zack Klein,* City Attorney, and *Paula J. Lloyd,* for defendants-appellees City of Columbus and William Wallace. **Argued:** *Paula J. Lloyd.*

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Amy L. Hiers* for defendants-appellees Hendretta Scott, Franklin County Department of Job and Family Services, and Franklin County Child Support Agency. **Argued:** *Amy L. Hiers.*

**On brief:** *Reminger Co., L.P.A., Zachary B. Pyers,* and *Ashley L. Johns,* for defendant-appellee Rosemarie Welch. **Argued:** *Zachary B. Pyers.*

**On brief:**    *Isaac, Wiles, Burkholder & Teeter, LLC,* and *Maribeth Meluch,* for defendant-appellee Buckeye Ranch, Inc. **Argued:** *Maribeth Meluch.*

**On brief:**    [*Dave Yost*], Attorney General, and *Nicole Koppitch,* for defendant-appellee Clerk of the Supreme Court of Ohio. **Argued:** *Nicole Koppitch.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1}   Plaintiffs-appellants, Moses McCormick and Mark McCormick ("the McCormicks"), appeal from judgments of the Franklin County Court of Common Pleas entered on February 1, March 15,  March 19, March 21, April 6, April 10, and April 16, 2018. *See* Apr. 19, 2018 Notice of Appeal.  Because the brief the McCormicks filed is largely unintelligible and fails to substantially comply with the rules governing practice and procedure before this Court, we sua sponte dismiss this appeal.

## I.  FACTS AND PROCEDURAL BACKGROUND

{¶ 2}   Moses McCormick and Mark McCormick are brothers. On June 16, 2017, the McCormicks, pro se, filed their second amended complaint against defendant-appellee Hsiu Chen Lu ("Lu") and the defendants-appellees identified below, all of whom crossed paths with the McCormicks in some way or another in connection with the divorce proceedings Lu had commenced against Moses McCormick.

{¶ 3}   Defendant-appellee Lu filed a motion to dismiss pursuant to Civ.R. 12 (B)(1) and (6) on June 23, 2017.  The trial court granted her motion on April 6, 2018.

{¶ 4}   Defendant-appellee Deputy Clerk of the Supreme Court of Ohio filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6) on June 26, 2017.  The Deputy Clerk filed a motion to strike on August 8, 2017.  On April 6, 2018, the trial court granted the motion to dismiss but denied the motion to strike.

{¶ 5}   Defendants-appellees City of Columbus and Detective William Wallace filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on June 27, 2017.  The trial court granted their motion on April 6, 2018.

{¶ 6}   Defendant-appellee Rose Marie Welch filed a motion for judgment on the pleadings on May 18, 2017, which she supplemented on July 5, 2017.  On August 8, 2017,

she filed a motion to strike.  On April 6, 2018, the trial court granted her motion for judgment on the pleadings but denied her motion to strike.

{¶ 7}  Defendant-appellee Buckeye Ranch, Inc. filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on July 12, 2017.  The trial court granted its motion on April 6, 2018.

{¶ 8}  Defendant-appellee Hendretta Scott filed a motion to dismiss, and defendants-appellees Franklin County Department of Job and Family Services and Franklin County Child Support Enforcement Agency filed a motion to dismiss pursuant to Civ.R. 12(B)(6) or, alternatively, to strike the McCormick's second amended complaint, on July 21, 2017.  The trial court granted their motion on April 6, 2018.

{¶ 9}  Defendants-appellees Stacy Gilbert and The Law Offices of William L. Geary L.P.A. ("Geary"), filed a motion for judgment on the pleadings on July 21, 2017, and a motion to strike exhibits on August 9, 2017.  On April 10, 2018, the trial court granted their motions and simultaneously denied the McCormicks' July 28, 2017 motion to default judgment against Geary.

{¶ 10}  The McCormicks' notice of appeal indicates they are appealing the judgment entry of the trial court entered on February 1, 2018.  On February 1, 2018, the trial court issued an order setting a mandatory in-person status conference.  The record indicates this is the only order entered by the trial court on that date.

{¶ 11}  The McCormicks' notice of appeal indicates they are appealing the judgment entry of the trial court entered on March 15, 2018.  On March 15, 2018, the trial court issued an entry granting a motion to quash filed by Todd Sidoti, who is not a party to this appeal. The record indicates this is the only order entered by the trial court on that date.

{¶ 12}  The McCormicks' notice of appeal indicates they are appealing the judgment entry of the trial court entered on March 19, 2018.  On March 19, 2018, the trial court issued an amended case scheduling order.  The record indicates this is the only order entered by the trial court on that date.

{¶ 13}  The McCormicks' notice of appeal indicates they are appealing the judgment entry of the trial court entered on March 21, 2018.  On March 21, 2018, the trial court issued an order staying discovery until it issued a ruling on then pending dispositive motions. The record indicates this is the only order entered by the trial court on that date.

{¶ 14} The McCormicks' notice of appeal indicates they are appealing the judgment entries of the trial court entered on April 6, 2018. On April 6, 2018, the trial court entered judgment granting the motions to dismiss of Lu, the City defendants-appellees, Hendretta Scott, Franklin County Department of Job and Family Services, Franklin County Child Support Enforcement Agency, Buckeye Ranch, Inc., Rose Marie Welch, and the Deputy Clerk of the Supreme Court of Ohio.

{¶ 15} The McCormicks' notice of appeal indicates they are appealing the judgment entries of the trial court entered on April 10, 2018. On April 10, 2018, the trial court issued entries and decisions as to a motion filed by the McCormicks and two motions filed by defendants-appellees Gilbert and Geary. The trial court denied the McCormicks' July 28, 2017 motion for default judgment against Geary. The trial court granted, via the same entry, Gilbert and Geary's July 21, 2017 motion for judgment on the pleadings and August 9, 2017 motion to strike exhibits.

{¶ 16} The McCormicks' notice of appeal indicates they are appealing the judgment entry of the trial court entered on April 16, 2018. The McCormicks had filed a notice of dismissal, without prejudice, as to defendants-appellees City of Columbus, Division of Police, on April 13, 2018. On April 16, 2018, the trial court, having already issued a final appealable order dismissing the McCormicks' claims against this defendant, held the notice of dismissal inoperative and moot. The record indicates this is the only order entered by the trial court on that date.

{¶ 17} The McCormicks filed this appeal on April 19, 2018.

## II. ASSIGNMENT OF ERRORS

{¶ 18} The McCormicks present three assignments of error for our review:

> 1. The *trial Court Erred* when it failed to take proper inquiry into the **Abuse of Process Claim** Set forth by Appellants in their Complaint.
>
> 2. The *trial Court Erred* when it failed to acknowledge this cause of action set forth by Appellants in their Complaint.
>
> 3. The Trial Court Erred When it failed to provide Appellants a Pre-Trial, There are no Pre-Trial hearing that took place on the record and Appellants were not afforded a chance to participate in a Pre-Trial hearing.

(Emphasis sic and sic passim.)

## III.  DISCUSSION

{¶ 19}  This Court has carefully reviewed the record of this matter and the briefs submitted by the parties.  The document that purports to be the McCormicks' brief contains assignments of error, but it does not contain any intelligible arguments explaining or even pointing to how the trial court may have erred.  App.R. 16(A)(7).  In short, the McCormicks' brief consists of incoherent ramblings which this Court with determination has tried to make sense of by combing extensively through the record.  Additionally, the McCormicks' filing is not formatted as required.  App.R. 19(A); Loc.R. 2(D) and 8(A)(1) of the Tenth District Court of Appeals.  The McCormicks' filing is not a brief in any operative sense of the word and fails to comply substantially with the rules of this Court or the Ohio Rules of Civil or Appellate Procedure.[1,2]

## IV.  CONCLUSION

{¶ 20}  As the McCormicks have failed to file a brief even substantially in conformity with the Ohio Rules of Appellate Procedure, and after a determined effort we cannot divine from it any intelligible arguments we can address regarding the trial court's various decisions, we sua sponte dismiss this appeal.  App.R. 18(C).

*Appeal dismissed.*

DORRIAN and HORTON, JJ., concur.

—————————————

[1] To the extent the McCormicks argue in their first and second assignments of error that the trial court (1) misapplied the standards for dismissal and (2) did not explain its reasons for dismissing the alleged abuse of process claims against Lu, the record reveals otherwise.  In the April 6, 2018 entry dismissing the claims against Lu at pages 4-5, the trial court specifically noted it was dismissing the allegations pursuant to Civ. R. 12(B)(1) for lack of subject-matter jurisdiction.  The trial court found that "[w]hile the allegations are formulated to sound in tortious misconduct, the actual intent is to obtain money to which Moses claims he is entitled by virtue of marital relationship.  In other words, the relief sought would essentially interfere or conflict with the proceedings before the Franklin County Common Pleas Domestic Relations Division." (Apr. 6, 2018 Decision & Entry Granting Def. Lu's Mot. to Dismiss at 5.)  The court addressed the Civ.R. 12(B)(1) standard at page 3 of its entry.  Therefore, the court did explain which standard it was applying and gave reasons for its dismissal of the abuse of process claim against Lu.

[2] To the extent the McCormicks argue in their third assignment of error that Moses was not afforded the opportunity to participate in a pre-trial conference, we note the record again reveals otherwise.  In the February 1, 2018 entry, the trial court set a mandatory in-person status conference for February 7, 2018.  The record does reveal this notice was mailed to, and returned to the court from, the McCormicks' prior address in Columbus and that the McCormicks had previously filed a change of address on January 25, 2018 entry notifying the court of their new address in Akron.  Nevertheless, the February 1, 2018 indicates "[e]lectronic notification to plaintiffs pro se and counsel of record."  The McCormicks do not argue or point us to any place in the record that electronic notification failed.