[Cite as *Columbus v. Wynn*, 2021-Ohio-3934.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Columbus, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 20AP-479 |
| v. | : | (M.C. No. 2001 CVI 021339) |
| Christopher J. Wynn, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 4, 2021

**On brief:** *Zach Klein*, City Attorney, and *Paul T. Khoury*, for appellee.

**On brief:** *Christopher J. Wynn*, pro se.

APPEAL from the Franklin County Municipal Court

MENTEL, J.

{¶ 1} Defendant-appellant, Christopher J. Wynn, pro se, appeals from the Franklin County Municipal Court's September 15, 2020 decision. For the following reasons, we dismiss the appeal.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On June 15, 2001, plaintiff-appellee, City of Columbus, filed a complaint in the Franklin County Municipal Court, Small Claims Division, against appellant for failure to pay city income tax for tax years 1995 and 1996. Pursuant to Civ.R. 53, the case was referred to a magistrate and set for a hearing on August 21, 2001. The magistrate issued a decision in favor of appellee after appellant failed to appear for the hearing. On August 23, 2001, the trial court adopted the decision entering judgment in favor of appellee in the amount of $1,747.61, plus court costs and interest at the rate of 10 percent per annum. A

certificate of judgment was filed with the Franklin County Court of Common Pleas on September 28, 2001.

{¶ 3} On May 10, 2005, appellee filed a motion for a judgment debtor exam of appellant. According to appellee, in December 2005, it retained a collection firm to continue the post-judgment executions. Appellee attempted several garnishments between March and April 2006. On April 12, 2006, appellant filed motions to vacate the judgment and garnishments. On July 11, 2006, the trial court overruled and denied appellant's motions. A series of garnishments and judgment debtor examinations were attempted over the next few years. Of note, appellant filed a request for a hearing, which was granted. On October 25, 2007, the trial court filed an entry approving the garnishment.

{¶ 4} Between January 2012 to June 2019 there was no record of activity in this case. On June 24, 2019, appellee filed a motion for revivor against appellant. The trial court granted the motion on March 24, 2020.

{¶ 5} On April 16, 2020, appellant filed a motion to set aside the original judgment or entry dated March 24, 2020. Appellant also filed several motions and counterclaims over the coming months. On September 15, 2020, the trial court issued a decision and order denying appellant's motions.

{¶ 6} On October 15, 2020, appellant filed a notice of appeal.

## II. LEGAL ANALYSIS

{¶ 7} As a threshold matter, we observe that appellant's brief is deficient in that it fails to substantially conform to the briefing requirements of the Ohio Rules of Appellate Procedure and this court's Local Rules. Pursuant to App.R. 16, an appellant must include in its brief "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected" and "[a] statement of the issues presented for review, with references to the assignments of error to which each issue relates." App.R. 16(A)(3) and (4). As set forth in App.R.12(A)(1)(b), this court is limited in its review to the assignments of error identified in appellant's briefs. *See In re Estate of Taris*, 10th Dist. No. 04AP-1264, 2005-Ohio-1516, ¶ 5. An appellate court is not required to "conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning." *State ex rel. Karmasu v. Tate*, 83 Ohio App.3d 199, 206 (4th Dist.1992). Nor can we attempt to review assignments of error that may not be discernable

from the record. *Flaim v. Medical College of Ohio*, 10th Dist. No. 04AP-1131, 2005-Ohio-1515, ¶ 6; *see also* App.R. 12(A)(2) (finding a court may disregard error not properly identified). While this court will often provide some leniency to pro se litigants, they are held to the same rules and procedures as litigants that have retained counsel. *Williams v. Griffith*, 10th Dist. No. 09AP-28, 2009-Ohio-4045, ¶ 21. If a court cannot comprehend the arguments posited by a party, relief cannot be granted. *Id.*, quoting *State v. Dunlap*, 10th Dist. No. 05AP-260, 2005-Ohio-6754, ¶ 10.

{¶ 8} An appellant's failure to substantially comply with the foregoing requirements provides independent grounds for dismissal. *McCormick v. Hsiu Chen Lu*, 10th Dist. No. 18AP-284, 2019-Ohio-624, ¶ 19-20. Loc.R. 10(E) of the Tenth District Court of Appeals states that any "noncompliance with the Appellate Rules or the Rules of this Court" shall be "deemed good cause for dismissal of an appeal."

{¶ 9} In the case sub judice, appellant has not presented any assignments of error for review in its brief. Moreover, appellant's brief merely alleges a series of vague legal issues with no discernable argument or support in the record. As appellant has failed to present any assignments of error, we decline to create questions not squarely presented for review.

## III. CONCLUSION

{¶ 10} As Wynn has failed to file a brief substantially in conformity with the Ohio Rules of Appellate Procedure, we sua sponte dismiss this appeal. App.R. 18(C); Loc.R. 10(E).

*Appeal dismissed.*

BROWN and BEATTY BLUNT, JJ., concur.

_____