[Cite as *Jabr v. Burger King*, 2022-Ohio-773.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Tareq Jabr,                                              :

      Plaintiff-Appellant,               :

                                   No. 21AP-463
v.                                                       :       (C.P.C. No. 20CV-6062)

Burger King,                                             :       (ACCELERATED CALENDAR)

      Defendant-Appellee.                :

---

D E C I S I O N

Rendered on March 15, 2022

---

**On brief:** *Tareq Jabr*, pro se.

**On brief:** *Pelini, Campbell & Ricard, LLC*, and *John E. Vincent,* for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Plaintiff-appellant, Tareq Jabr, pro se, appeals the August 26, 2021 decision and entry from the Franklin County Court of Common Pleas granting the motion for summary judgment of defendant-appellee, Burger King.

{¶ 2} For the reasons that follow, we dismiss the appeal.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 3} This matter originates from an incident at a Burger King located at 5470 Renner Road in Columbus, Ohio. According to the complaint, while appellant and his wife were eating breakfast in the restaurant, a light screen swung down from the ceiling causing appellant to hit his knees under the table and spill his coffee. Appellant alleged severe burns

and injuries to his knees from the incident.  Appellant filed a complaint on September 14, 2020.[1]

{¶ 4}  On May 12, 2021, appellee filed a motion to compel appellant to respond to written discovery.  The trial court granted the motion allowing appellant 14 days from the date of the order to provide responses or be subject to sanctions including, but not limited to, dismissal of the action.  (May 25, 2021 Order & Entry.)  On June 16, 2021, appellee filed a motion for sanctions moving to have appellant's claims dismissed for failure to comply with the trial court's discovery order.  On June 23, 2021, appellant filed a motion to strike asking "this court to a motion to strike, Defs, Discovery as illegal plus causing Fraud under Rule 8 1324c A1 thru-A6, which says one illegal Rule, all Discovory, plus process, becomes Null + Void."  (Sic passim.) (June 23, 2021 Mot. to Strike at 1.)  The matter was referred to a magistrate and set for a hearing.  On August 4, 2021, the magistrate issued a decision on the discovery motions, in relevant part, recommending the trial court dismiss appellant's complaint without prejudice pursuant to Civ.R. 37(B)(1)(e).

{¶ 5}  On June 21, 2021, appellee filed a motion for summary judgment.  Appellee argued that it was not the proper party as it neither owned nor operated the restaurant location at issue; appellant presented no evidence that appellee had either constructive or actual knowledge of the condition of the light screen; and, appellant had no evidence that it created the alleged defect.  On June 29, 2021, appellant filed "PLAINTIFFS; ANSWER PLUS STRIKEN,DEFS, MOTION FOR SUMMARY,JUDGEMENT AS ILLEGAL,BY LAW, SINCE THE PLAINTIFFS, ARE THE MOVING PARTY,WHICH ARE TAREQ JABR ,AND EMAN J JABR."  (Sic passim and emphasis sic.)  A reply brief was filed on July 8, 2021.

{¶ 6}  On August 26, 2021, the trial court granted appellee's motion for summary judgment finding that as there were no genuine issues of material fact remaining, appellee was entitled to judgment in its favor.  "The record is devoid of evidence that Defendant, or anyone, is responsible for or had actual knowledge of an existent hazard or constructive notice of the hazard."  (Aug. 26, 2021 Decision & Entry at 5.)  In the alternative, the trial court dismissed appellant's complaint as a sanction for failing to comply with the May 25, 2021 discovery order.

---

[1] While appellant identifies injuries also allegedly suffered by his wife during the incident, she was not named as a party in the complaint.

{¶ 7}   On September 16, 2021, appellant filed a notice of appeal of the trial court's August 26, 2021 decision and entry.

## II. ASSIGNMENTS OF ERROR

{¶ 8}   Appellant assigns the following as trial court error:

1. I TAREQ JABR ,PLAINTIFF,AND APPELLANT,IS THE MOVING PARTY,IN THE CASE ON BURGER KING.

2. BY LAW THE JUDGE,JULIE LYNCH,SHOULD OF GIVEN ME TAREQ JABR A DEFAULT JUDGMENT,MOTION ,BECAUSE THE DEFS, LAWYER,AND BURGER KING,ANSWERED TAREQ JABR COMPLAINT,59 DAYS LATER,AND WER VERY LATE,WHICH AS A MATER OF LAW FOR A DEFAULT JUDGEMENT ON TAREQ JABR BEHAVE.FOR THE DEMAND OF 350,000 DOLLARS,FOR INJURIES FROM THE HOT COFFEE, SPELLED IN OUR LAPS THAT THE MANAGER PLUS THE BURGER KING LETTER ,THAT SENT TO MR GILMAN,THAT THE INSURANCE,WESTFIED TOKE LIABILITY,READ THE LETTER ATTACHED IN THIS BRIEF.

3. I TAREQ JABR PLAINTIFF ,PUT THE DEFAULT JUDGEMENT MOTION AT 155,000 SO THE DEFS, WOULD PAY IN THIS CASE PLUS GIVE THE DEFS,SOME RELIEF.THE JULIE LYNCH JUDGE IGNORED,ALL MY MOTIONS IN THIS CASE,SHES NOT RIGHT ,BIAS.

4. IF THE JUDGE GAVE ME THE DEFAULT MOTION ,THAT'S JULIE LYNCH,THEN ALL OF THE DEFS, MOTIONS WILL BE NULL AND VOID,THEN TAREQ JABR AND WIFE EMAN WILL HAVE ,CLOSURE FOR THERE INJURIES, FROM THE BURGER KING HOT COFFEE SPILLS.

5. THE DEFS ANSWERED 59 DAYS LATE,ON 11-12-2020,ITAREQ JABR COMPLAINT WAS FILED ON , 9-14-20 ON A TIMLY MANNER,YOUR HONORS.ALL DEFS BURGER KING, AND JOHN VINCENT ,THERE LAWYER ON FILE IN THIS SUIT,WILL BECOME NULL AND VOID,AND THE PLAINTIFF WILL HAVE RELIEF, FOR INJURIES,PAINS AND SUFFERS.I GOT HARRASSMENTS HARDSHIPS,AND SCARS ON MY KNEES,AND MY WIFE EMAN, HAS HER ELBOW IN PAIN TILL NOW.

6. ALL THE DEFS, MOTION ARE STIKEN,VOID BY LAWS,THAT DEFS, BURGER KING,HAVE 20 DAYS BY LAW

TO ANSWER,TO PLAINTIFF COMPLAINT, FILED 9-14-2020.

7. RELIEF UNDER 60B AND 4.01 ,NEED TO BE GIVEN BY THIS COURT AND ORDER,FOR THE 350,000,THE DEMAND BY PLAINTIFF TAREQ JABR.

(Sic passim.)

### III. LEGAL ANALYSIS

#### A. Appellant's First, Second, Third, Fourth, Fifth, Sixth, and Seventh Assignments of Error

{¶ 9} As an initial matter, we find appellant's brief is deficient as it fails to substantially comply with the briefing requirements of the Ohio Rules of Appellate Procedure and the Local Rules of the Tenth District Court of Appeals. As set forth in App.R. 16, an appellant must provide in his brief "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected" and "[a] statement of the issues presented for review, with references to the assignments of error to which each issue relates." App.R. 16(A)(3) and (4). Appellant is also required to provide "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary." App.R. 16(A)(7).

{¶ 10} An appellate court is not required to " 'conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning.' " *Columbus v. Wynn*, 10th Dist. No. 20AP-479, 2021-Ohio-3934, ¶ 7, quoting *State ex rel. Karmasu v. Tate*, 83 Ohio App.3d 199, 206 (4th Dist.1992). An appellant's failure to comply with the appellate or local rules provides independent grounds for dismissal. *McCormick v. Hsiu Chen Lu*, 10th Dist. No. 18AP-284, 2019-Ohio-624, ¶ 19; *see* Loc.R. 10(E) ("noncompliance with the Appellate Rules or the Rules of this Court" shall be "deemed good cause for dismissal of an appeal"). While a reviewing court will often provide some flexibility to pro se litigants, they are held to the same rules and procedures as individuals represented by counsel. *Williams v. Griffith*, 10th Dist. No. 09AP-28, 2009-Ohio-4045, ¶ 21. If a reviewing court cannot discern the arguments presented by a party, relief cannot be granted. *Id.*, quoting *State v. Dunlap*, 10th Dist. No. 05AP-260, 2005-Ohio-6754, ¶ 10.

**{¶ 11}** In the case sub judice, appellant's brief fails to substantially comply with the Ohio Rules of Appellate Procedure and this court's Local Rules in several ways. First, appellant has failed to provide a statement of issues with reference to the assignment of error that relate to the issues presented for review. App.R. 16(A)(4). Next, appellant failed to separately argue each assignment of error or provide any type of meaningful examination, with citation to the record, as to how the trial court erred. App.R. 16(A)(7) (noting an appellant is required to provide "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review"). Specifically, appellant's entire argument includes three sentences making vague references to the settlement discussions between the parties. While it is within this court's discretion to address assignments of error together, a party does not have this choice and is required to argue each assignment of error separately in its brief. *Fiorilli Constr., Inc. v. A. Bonamase Contracting, Inc.*, 8th Dist. No. 94719, 2011-Ohio-107, ¶ 30. Finally, appellant has failed to cite to a single legal authority to provide some basis for his claims. An appellant is required to support its assignment of error with citation to legal authority. *State v. Hubbard*, 10th Dist. No. 11AP-945, 2013-Ohio-2735, ¶ 34 (citing App.R. 16(A)(7) and 12(A)(2)). Simply put, appellant's brief fails to provide any discernable arguments or support in the record.

## IV. CONCLUSION

**{¶ 12}** Based on the foregoing, appellant has not substantially complied with the briefing requirements set forth in the Ohio Rules of Appellate Procedure and the Local Rules of the Tenth District Court of Appeals so as to provide this court with a reviewable matter. Accordingly, we hereby dismiss this appeal. App.R. 18(C); Loc.R. 10(E).

*Appeal dismissed.*

KLATT and BEATTY BLUNT, JJ., concur.

————————————