[Cite as *In re M.P.*, 2025-Ohio-5334.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [In the Matter of: | : | |
| M.P.,] | : | No. 25AP-225 |
| | | (C.P.C. No. 24JU-1801) |
| [Moses Payne, | : | |
| | | (ACCELERATED CALENDAR) |
| Appellant.] | : | |
| | : | |

---

D E C I S I O N

Rendered on November 25, 2025

---

**On brief:** *Moses Payne*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

PER CURIAM.

{¶ 1}   Appellant, Moses Payne, pro se, appeals from a February 3, 2025 judgment entry from the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, adopting the magistrate's decision to designate Trenay Campbell ("mother") as the sole residential parent and legal custodian of the minor child, M.P. For the reasons that follow, we dismiss Payne's appeal.

## I.  Facts and Procedural History

{¶ 2}   On July 31, 2023, mother filed a motion for change of parental rights and responsibilities (custody) and affidavit in support.  While the motion was initially filed in Hamilton County Juvenile Court, the matter was transferred to Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch on February 14, 2024.

{¶ 3}   Pursuant to Civ.R. 53, this matter was referred to a magistrate.  A trial was held on January 21 and 22, 2025.  On January 29, 2025, the magistrate issued a decision

recommending that the mother's motion for change of parental rights and responsibilities be granted and that the mother be designated as the sole residential parent and legal custodian of M.P. Payne was permitted to have supervised video contact with the minor child. On February 3, 2025, the trial court, finding no error of law or other defect on the face of the decision, adopted the magistrate's decision. Payne filed a timely appeal.

## II. Assignment of Error

{¶ 4} Payne assigns the following sole assignment of error for our review:

> The magistrate is bias, she did not take in consideration that My ex wife has two child endangerments on her record she was in jail for child endangerment with my son I had him all of his life. She has multiple drug charges on her record.

(Sic passim.)

## III. Analysis

{¶ 5} As a threshold matter, we find Payne's brief deficient as it failed to substantially comply with the briefing requirements of the Ohio Rules of Appellate Procedure and the Local Rules of the Tenth District Court of Appeals. Pursuant to App.R. 16, an appellant must provide in his brief, "[a] table of contents, with page references," "[a] table of cases alphabetically arranged statutes, and other authorities cited, with references to the pages of the brief where cited," "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected," and "[a] statement of the issues presented for review, with references to the assignments of error to which each issue relates." App.R. 16(A)(1) to (4). An appellant must also provide "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary." App.R. 16(A)(7).

{¶ 6} Compliance with the above referenced appellate rules is mandatory. *Crosscut Capital, LLC v. DeWitt*, 2025-Ohio-1150, ¶ 21 (10th Dist.). An appellant's failure to comply with either appellate or local rules can serve as independent grounds for dismissal. *Jabr v. Burger King*, 2022-Ohio-773, ¶ 10 (10th Dist.), citing *McCormick v. Hsiu Chen Lu*, 2019-Ohio-624, ¶ 19 (10th Dist.); Loc.R. 10(D) ("the following shall be deemed good cause for dismissal of an appeal . . . [a]ny other noncompliance with the Appellate

Rules or the rules of this court"). " '[A] party's failure to comply with App.R. 16 is tantamount to not filing a brief in the first instance.' " *State v. Kulikowski*, 2024-Ohio-5824, ¶ 22 (10th Dist.), quoting *Columbus v. Payne*, 2023-Ohio-2461, ¶ 5 (10th Dist.); *Columbus v. Wynn*, 2021-Ohio-3934, ¶ 8 (10th Dist.). While pro se litigants are afforded some flexibility, they are held to the same rules and procedures as individuals represented by counsel. *Craver v. Haefner*, 2024-Ohio-2242, ¶ 8 (10th Dist.), citing *J.P. Morgan Chase Bank, N.A. v. Cloyes*, 2021-Ohio-3316, ¶ 9 (10th Dist.).

{¶ 7} Upon review, Payne's brief fails to substantially comply with the Ohio Rules of Appellate Procedure and this court's Local Rules in several ways. First, Payne has failed to provide any type of table of contents or table of authorities in his brief. App.R. 16(A)(1) through (2). Payne has also failed to provide any meaningful examination, with citation to the record, as to how the trial court erred. App.R. 16(A)(7). Payne's entire argument amounts to one sentence that alleges a general claim of bias by the magistrate. Payne contends that the magistrate "did not use law she used her feelings." (Appellant's Brief at 5.) Finally, Payne failed to provide even a single citation to a legal authority to offer some basis for his claim. This court has consistently held that appellant must provide some support for its assignment of error with citation to legal authority. *See, e.g., Crosscut Capital, LLC* at ¶ 21, citing *State v. Hubbard*, 2013-Ohio-2735 ¶ 24, citing App.R. 16(A) and App.R. 12(A)(2); *see also Wynn* at ¶ 9 (finding appellant failed to substantially comply with Ohio Rules of Appellate Procedure as "appellant's brief merely alleges a series of vague legal issues with no discernable argument or support in the record").

{¶ 8} Because Payne has failed to comply with the requirements in App.R. 16, we decline to address his arguments and dismiss this appeal.

## IV. Conclusion

{¶ 9} Based on the foregoing, Payne has failed to substantially comply with the briefing requirements set forth in the Ohio Rules of Appellate Procedure and the Local Rules of the Tenth District Court of Appeals so as to provide this court with a reviewable matter. Accordingly, we hereby dismiss this appeal.

*Appeal dismissed.*

DORRIAN, BEATTY BLUNT, and MENTEL, JJ., concur.

————————————