# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250236 |
| | | TRIAL NO. B-2001994-B |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| DYLAN HURT, | : | |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 3/13/2026 per order of the court.**

**By:**_____
   **Administrative Judge**

[Cite as *State v. Hurt*, 2026-Ohio-851.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250236 |
| | | TRIAL NO. | B-2001994-B |
| Plaintiff-Appellee, | : | | |
| | | | |
| vs. | : | | |
| | | *O P I N I O N* | |
| DYLAN HURT, | : | | |
| | | | |
| Defendant-Appellant. | : | | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 13, 2026


*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Dylan Hurt,* pro se.

**Bock, Judge.**

{¶1} Defendant-appellant Dylan Hurt appeals the judgment of the Hamilton County Court of Common Pleas denying his Crim.R. 33(B) motion for leave to file a new-trial motion based on newly discovered evidence. Because the record fails to demonstrate that Hurt was unavoidably prevented from discovering a codefendant's confession, we affirm the lower court's judgment.

## I.  Factual and Procedural History

{¶2} In 2020, Hurt and his codefendant, Leaunte Baltimore, were indicted for 13 offenses arising from two drive-by shootings. Hurt was tried separately. Before trial, the State disclosed a statement purportedly authored by Baltimore in which he confessed to the shootings and asserted that Hurt was not involved. Hurt sought to subpoena Baltimore to testify but the trial court quashed the subpoena after Baltimore's counsel represented that Baltimore would invoke his Fifth Amendment privilege against self-incrimination if called by either party.

{¶3} At the May 2023 trial, the State's theory was that Hurt drove the Jeep from which Baltimore fired a gun at the intended victims. The jury returned guilty verdicts, and Hurt was convicted of one count of aggravated murder and two counts of attempted murder. We affirmed Hurt's convictions on direct appeal. *State v. Hurt*, 2024-Ohio-3115 (1st Dist.).

{¶4} In 2025, Hurt filed a Crim.R. 33(B) motion for leave to file a motion for a new trial based on newly discovered evidence and a Crim.R. 33(A)(6) motion for a new trial. In support of his motion for leave, he attached an affidavit signed by Baltimore on September 13, 2023, in which Baltimore confessed to the shootings. Baltimore attested that despite his telling his attorney several times that Hurt was innocent, his attorney "tried to get me to lie on Dylan Hurt and threat[ened] me with

extra time." He said that he was coming forward because he could not "live with . . . lying on anyone."

**{¶5}** Hurt also submitted his own affidavit in support of his motion for leave. In it, he attested to his innocence and maintained, "I was without any substantial proof to exonerate myself at my May 10, 2023 trial. Prior to my trial, I subpoenaed Baltimore because he had disclosed to the defense at an earlier date that he has information about my case . . . ." Hurt further stated that Baltimore provided him with a copy of the affidavit "sometime on or shortly after September 13, 2023."

**{¶6}** The common pleas court denied Hurt's motion, finding that Hurt was not unavoidably prevented from discovering Baltimore's confession. The court then went on to find, in further support of its decision denying Hurt's motion for leave, that Hurt's new-trial motion lacked merit and that he had waited too long after discovering Baltimore's confession to file his Crim.R. 33(B) motion for leave.

**{¶7}** Hurt now appeals, arguing in a single assignment of error that the common pleas court erred by denying his motion for leave.

## II. Analysis

**{¶8}** We review the denial of a Crim.R. 33(B) motion for an abuse of discretion. *State v. Smith*, 2023-Ohio-3954, ¶ 6 (1st Dist.), citing *State v. Hatton*, 2022-Ohio-3991, ¶ 29. "A court exercising its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority" constitutes an abuse of discretion. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

**{¶9}** A defendant must file a new-trial motion based on newly discovered evidence within 120 days of the verdict, unless the defendant offers "clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely" within the 120-day period. Crim.R. 33(B).

When considering whether to grant leave to file a new-trial motion, the common pleas court may not consider the merits of the new-trial motion. *Hatton* at ¶ 30, citing *State v. Bethel*, 2022-Ohio-773, ¶ 41. "The sole question before the trial court when considering whether to grant leave is whether the defendant has established by clear and convincing evidence proof that he was unavoidably prevented from discovering the evidence on which he seeks to base the motion for a new trial." *Hatton* at ¶ 30.

{¶10} Hurt contends that the common pleas court improperly considered the merits of his motion for a new trial and whether he delayed too long after discovering Baltimore's confession. We agree that these considerations were improper at the leave stage. As noted above, the merits of a proposed new-trial motion are not relevant to the determination of whether leave should be granted. *Id.,* citing *Bethel* at ¶ 41. Further, the Ohio Supreme Court has made clear that the Rules of Criminal Procedure do not authorize trial courts to impose an additional "reasonable time" requirement obligating a defendant to file a Crim.R. 33(B) motion within a reasonable time after discovering new evidence. *Bethel* at ¶ 54-57.

{¶11} Nevertheless, we cannot conclude that the court's improper consideration of these factors resulted in prejudicial error. *See* App.R. 12(D). The court also conducted the proper inquiry and determined that Hurt was not unavoidably prevented from discovering Baltimore's confession within 120 days of the jury's verdict. The court expressly stated that it "disagrees" with Hurt's claim that Baltimore's confession constituted new evidence that he had been unavoidably prevented from discovering. The record supports that determination.

{¶12} The jury returned guilty verdicts on May 23, 2023. Accordingly, any motion for a new trial based on newly discovered evidence was required to be filed by September 20, 2023, unless Hurt could demonstrate that he was unavoidably

prevented from discovering the new evidence until after September 20, 2023. The record reflects that, before trial, Hurt and his counsel were aware that Baltimore had confessed to the shootings. Moreover, Hurt averred that he discovered Baltimore's confession on September 13, 2023—within the 120-day period—and that Baltimore provided him with an affidavit "on or shortly after" that date. Because the record shows that Hurt knew of Baltimore's confession before trial and received Baltimore's affidavit within the 120-day period, he cannot establish that he was unavoidably prevented from discovering the evidence underlying his motion for a new trial.

### III. Conclusion

{¶13} Because Hurt was not unavoidably prevented from discovering Baltimore's confession within Crim.R. 33(B)'s 120-day period, we hold that the common pleas court did not abuse its discretion in denying Hurt's motion for leave to file a new-trial motion. Accordingly, we overrule Hurt's single assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.