[Cite as *State v. McGee*, 2026-Ohio-1851.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 25AP-625 |
| | | (C.P.C. No. 19CR-1649) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| William D. McGee, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 21, 2026

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Benjamin A. Tracy*, for appellee.

**On brief:** *William D. McGee*, pro se.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Defendant-appellant, William D. McGee, appeals from an order from the Franklin County Court of Common Pleas denying McGee's motion for resentencing. For the following reasons, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On April 4, 2019, McGee was indicted for: Count One, felonious assault with specification, a violation of R.C. 2903.11, a felony of the second degree; Counts Two and Three, improperly discharging a firearm at or into a habitation or a school safety zone with specification, violations of R.C. 2923.161, felonies of the second degree; and Count Four, having weapons while under disability, in violation of R.C. 2923.13, a felony of the third degree.

{¶ 3}   Counts One, Two, and Three were tried by a jury, and the jury returned a verdict on July 16, 2021, finding McGee guilty of Counts One, Two, and Three with specifications.  McGee waived trial by jury as to Count Four of the indictment and that count was tried to the court.  The trial court found McGee guilty as to Count Four of having weapons while under disability.

{¶ 4}   On September 22, 2021, a sentencing hearing was held where McGee was sentenced to: 8 years as to Count One, and 3 years as to the specification; 4 years as to Count Two, and 3 years as to the specification; 4 years as to Count Three, and 3 years as to the specification; and 24 months as to Count Four.  The 3 years as to the specification on Count One, 3 years as to the specification on Count Two, and 3 years as to the specification on Count Three were to be served consecutively to one another and to the sentences imposed for Counts One, Two, Three, and Four, for a total of 9 years as to all specifications in the indictment.  The total sentence imposed was 17 years to be served at the Ohio Department of Rehabilitatin and Correction.  Appellant received 225 days of jail credit certified to the Ohio Department of Correction, plus all additional jail time served while awaiting transportation to the institution.

{¶ 5}   McGee filed for direct appeal.  The judgment and sentence of the trial court were affirmed.  *State v. McGee*, 2023-Ohio-2935 (10th Dist.).  On September 6, 2023, McGee filed a motion for reconsideration of the direct appeal decision, which was denied on December 21, 2023.  On February 5, 2024, McGee filed a notice of appeal with the Supreme Court of Ohio.  The Supreme Court declined jurisdiction to hear the appeal in an entry dated April 16, 2024, which was filed in this court on April 29, 2024.  *State v. McGee*, 2024 Ohio LEXIS 828 (Apr. 16, 2024).  On March 26, 2024, appellant filed an application to reopen his direct appeal, which was denied December 23, 2024.

{¶ 6}   On April 30, 2025, appellant filed a motion for resentencing.  A memorandum contra was filed on May 1, 2025.  On May 20, 2025, the judgment entry was filed denying McGee's motion for resentencing.  On June 23, 2025, McGee filed a notice appealing the decision denying the resentencing motion.  On July 1, 2025, this court dismissed the appeal as untimely.  Subsequently, McGee filed a notice of appeal and a motion for delayed appeal, seeking leave to appeal the May 20, 2025 entry denying his motion for resentencing.  The plaintiff-appellee, State of Ohio, did not oppose the motion

and his motion for delayed appeal was granted. The instant appeal is from the entry dated May 20, 2025.

## II. ASSIGNMENTS OF ERROR

{¶ 7}  McGee assigns the following as trial court errors:

1. THE TRIAL COURT ERRED WHEN IT REFUSED TO CORRECT THE UNLAWFUL IMPOSITION OF CONSECUTIVE SENTENCES IMPOSED ON THE FIREARM SPECIFICATIONS PURSUANT TO THE BEATTY HOLDING, VIOLATING PROCEDURAL DUE PROCESS AND SUBSTANTIAL DUE PROCESS OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION, ARTICLE I, SEC. 10.

2. THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO BE FREE FROM DOUBLE JEOPARDY AND RIGHT TO EQUAL PROTECTION WHEN IT REFUSED TO RESENTENCE APPELLANT RELATING TO THE FIREARM SPECIFICATION.

3. APPELLANT'S TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO OBJECT TO THE IMPOSITION OF J.T.'S FIREARM SPECIFICATION, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; AND, ARTICLE I, SECTIONS 10 AND 16, OHIO CONSTITUTION.

## III. STANDARD OF REVIEW

{¶ 8}  Although McGee's argument asserts error in the trial court's 2021 sentencing decision, our scope of review is limited to the court's decision to deny McGee's 2025 motion for resentencing. If a criminal defendant files a post-appeal motion " 'seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.' " *State v. Parker*, 2019-Ohio-3848, ¶ 16, quoting *State v. Reynolds*, 1997-Ohio-304, ¶ 12. We review a trial court's ruling on a postconviction petition under an abuse-of-discretion standard of review. *State v. Weaver*, 2022-Ohio-4371, ¶ 24.

## IV. LEGAL ANALYSIS

{¶ 9}  McGee filed his motion for resentencing almost two years after the completion of his direct appeal, and he is therefore subject to the standards for untimely

postconviction petitions.  R.C. 2953.21(A)(2)(a); R.C. 2953.23.  McGee's only possible avenue for relief under R.C. 2953.23 would be to demonstrate that, after his deadline for a timely postconviction petition had passed, he discovered new facts, or that a new, retroactive constitutional right was recognized by the United States Supreme Court, the application of which would prevent any reasonable factfinder from finding McGee guilty of his offenses.  R.C. 2953.23(A)(1)(a) and (b).

{¶ 10}  McGee made no such showing in his motion for resentencing; his argument does not address his convictions, and his argument does not rely on newly discovered facts or new United States Supreme Court jurisprudence.  McGee's cited caselaw, *State v. Beatty*, 2024-Ohio-5684, is from the Supreme Court of Ohio and only addresses statutory interpretation—not constitutional rights.  Moreover, *Beatty* is distinguishable from McGee's case because it addressed firearm specifications that were subject to the prohibition against imposing multiple prison terms " 'for felonies committed as part of the same act or transaction.' " *Beatty* at ¶ 10, quoting R.C. 2929.14(B)(1)(b).

{¶ 11}  McGee argues that imposing consecutive sentences for gun specifications violates Double Jeopardy.  The Double Jeopardy Clause provides protection in three situations: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.  *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969); *United States v. Halper*, 490 U.S. 435, 440 (1989).  The Double Jeopardy Clause bars multiple punishments if the punishments come from separate proceedings.  *Missouri v. Hunter*, 459 U.S. 359 (1983).

{¶ 12}  In the instant case, McGee's argument fails, as the sentencing for firearm specifications does not meet any of the proscribed factors for the Double Jeopardy Clause to apply.  "R.C. 2929.14(C)(4), the consecutive sentencing statute, applies to 'multiple prison terms [that] are imposed on an offender for convictions of multiple ***offenses***.' (Emphasis added.)  A specification is a sentencing **enhancement**, not a separate criminal offense.  *State v. Ford*, [2011-Ohio-765, ¶ 16].  By its own terms, then, R.C. 2929.14(C)(4) does not apply to penalty enhancing specifications.  And because firearm specifications are not separate offenses, they cannot be allied offenses of similar import for purposes of R.C. 2941.25, the allied offenses statute.  *See, e.g., State v. Logan*, 2025-Ohio-1772, ¶ 9-12; *Ford*

at ¶ 16-19." (Emphasis in original and added.) *State v. Brefford*, 2025-Ohio-4436, ¶ 115 (10th Dist.).

{¶ **13**}  "R.C. 2941.25 requires the merger of two or more allied offenses of similar import.  However, the criminal offense of discharging a firearm at or into a habitation under R.C. 2923.161 and a firearm specification as defined in R.C. 2941.145 are not allied offenses of similar import as defined in R.C. 2941.25, because a firearm specification is a penalty enhancement, not a criminal offense.  Penalties for a specification and its predicate offense do not merge under R.C. 2941.25.  Consequently, the sentences for discharging a firearm at or into a habitation and for the firearm specification are not merged." *Ford* at ¶ 19.  Having determined that firearm specifications are not offenses but enhancements, McGee's Double Jeopardy argument fails.

{¶ **14**}  McGee also argues that the trial court violated his right to equal protection. The United States Supreme Court opined that equal protection does not forbid the legislature from making classifications but simply prohibits "treating differently persons who are in all relevant respects alike." *Nordinger v. Hahn*, 505 U.S. 1, 10 (1992).  But before an appellate court can do an analysis of the law, McGee must make an argument.  Per the appellate rules, appellants are required to provide " '[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected' and '[a] statement of the issues presented for review, with references to the assignments of error to which each issue relates.'  App.R. 16(A)(3) and (4).  Appellant is also required to provide '[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.  The argument may be preceded by a summary.'  App.R. 16(A)(7)." *Jabr v. Burger King*, 2022-Ohio-773, ¶ 9 (10th Dist.).  McGee failed to provide an argument in his brief to aid this court in applying an equal-protection analysis.  "An appellate court is not required to ' "conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning." ' " *Id.* at ¶ 10, quoting *Columbus v. Wynn*, 2021-Ohio-3934, ¶ 7 (10th Dist.), quoting *State ex rel. Karmasu v. Tate*, 83 Ohio App.3d 199, 206 (4th Dist. 1992).  Therefore, the equal-protection argument also fails.

{¶ 15} Next, we turn to McGee's argument of ineffective assistance of counsel. To obtain a reversal on appeal for ineffective assistance of counsel, a defendant must demonstrate both that defense counsel's performance was deficient, and that counsel's deficient performance prejudiced the defense. *See generally Strickland v. Washington*, 466 U.S. 668, 686 (1984). It is well settled that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). And in evaluating whether the challenged action caused prejudice, the court must find that counsel's error was so serious that there is a reasonable probability it affected the outcome of the trial. *See, e.g., State v. Bradley*, 42 Ohio St.3d 136 (1989).

{¶ 16} We reviewed the record and the assignments of error on his previous direct appeal. McGee made an argument on direct appeal that trial counsel was ineffective for several reasons. *McGee*, 2023-Ohio-2935, at ¶ 16 (10th Dist.). Specifically on direct appeal, there is no assignment of error asserting that the sentence for the gun specification as to Count Three should have run concurrently to the gun specification sentences in Counts One and Two, rather than consecutively. Further, McGee also has failed to show that trial counsel's failure to object to the imposition of consecutive firearm specification sentences demonstrated prejudice in his trial. There is no showing that counsel's error was so serious that there is a probability that the outcome would have been different. Also, "the choice to forego arguing that uncertain issue does not satisfy the 'require[d] showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.' *Strickland*, 466 U.S. at 687; *State v. Mohamed*, 2017-Ohio-7468, ¶ 18 (citing *State v. Clayton*, 62 Ohio St. 2d 45, 49 (1980) ('Questionable trial strategies and tactics . . . do not rise to the level of ineffective assistance of counsel.')." (Appellee's Brief at 10.) Additionally, *Beatty*, 2024-Ohio-5684, is not a case upon which McGee can rely, as it discusses statutory construction, not constitutional rights. For these reasons, McGee has met neither prong of the *Strickland* test.

{¶ 17} Regardless of McGee's failure to meet the requirements for postconviction petitions, his arguments also fail as it has been held that " ' [u]nder the doctrine of res

judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment.' " (Emphasis omitted.) *State v. Cole*, 2 Ohio St.3d 112, 113 (1992), quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus, *superseded on other grounds by statute*. Res judicata bars a criminal defendant from asserting sentencing errors that were or could have been raised on direct appeal. *State v. Elkins*, 2023-Ohio-4521, ¶ 15 (10th Dist.). In his direct appeal, McGee did not assert that the trial court erred by the imposition of consecutive prison terms for more than two of the firearm specifications. He argues that *Beatty* had not been decided, therefore, he did not make arguments against the sentencing being consecutive for additional gun specifications. Although the specific case of *Beatty* had not been decided, McGee could have argued that the sentencing of additional consecutive time for gun specifications was barred by Double Jeopardy or that it was unconstitutional on direct appeal. Because McGee failed to do so on direct appeal, res judicata is a bar to his present effort to challenge that decision in a postconviction action.

**{¶ 18}** For the foregoing reasons, McGee's three assignments of error are overruled and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LELAND and DINGUS, JJ., concur.

————————————